## HEALD ET AL., COMMITTEE OF THE PERSON AND ESTATE OF PETERS, *v.* DISTRICT OF COLUMBIA.

### CERTIFICATE FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 300.   Argued October 18, 1920.—Decided November 8, 1920.

The Court of Appeals of the District of Columbia has not power to
certify questions to this court under Jud. Code, § 251, nor has this
court power to entertain such certificate, in a case wherein the judg-
ment or decree of the Court of Appeals would be reviewable here by
error or appeal under § 250.  P. 21.  *Arant* v. *Lane*, 245 U. S. 166.

A judgment or decree of that court is so reviewable  here, under the
third paragraph of Jud. Code, § 250, when it involves the constitu-
tionality as well as the construction of an act of Congress, though
the act be local to the District of Columbia.  P. 22.  *American
Security & Trust Co.* v. *District of Columbia*, 224 U. S. 491, distin-
guished.

The power to construe a statute is a necessary incident of the power
to determine its constitutionality.  P. 23.

Paragraphs third and sixth of Jud. Code, § 250, being reënactments of
preëxisting law, must retain the settled meaning attached to them
before reënactment, in the absence of plain implication to the con-
trary.  *Id.*

Dismissed.

THE case is stated in the opinion.

*Mr. Vernon E. West* and *Mr. A. S. Worthington* for
Heald *et al.*

*Mr. F. H. Stephens* for the District of Columbia.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

The certificate made by the Court of Appeals of the
District of Columbia as the basis for the questions which

are propounded shows that they relate to a pending suit to recover taxes, assessed by the District of Columbia upon intangible property, pursuant to an act of Congress, and paid under protest on the ground that the assessment was "illegal and void in whole and in its several parts." It suffices to say that the questions, which are stated in the margin,[1] express the purpose of the court below to ask our instructions as to the constitutionality of the act of Congress in the light of the construction of that act which was the basis of the assessment of which complaint is made.

At bar the subject is discussed as if the case were here on error or appeal and, on the other hand, it is prayed that the power conferred in a case where a certificate is pending to order up the whole record be exerted. But as the want of power in the court below to make the certificate has been suggested, and as that naturally arises on the face of the record and will, if well founded, preclude present inquiry into other questions, we come to consider that subject.

It is indisputable that the court below had no power to certify questions to this court in any case where its judgment or decree would be susceptible of review in this court on error or appeal. *Arant* v. *Lane,* 245 U. S. 166, 168.

---

[1] "1. Does Section 9 of an act of Congress approved March 3, 1917 (39 Stat. L. 1004, 1046), under which said assessment was made, require that 'moneys and credits, including moneys loaned and invested, bonds and shares of stock . . . of any person, firm, association, or corporation . . . engaged in business within said District,' but residing outside of said District, shall be assessed by the District of Columbia for the purpose of taxation?

"2. If it does, is it invalid? And if invalid, does that fact render void the entire section?

"3. Does the section require the District of Columbia to assess the bonds and other securities of the States and their municipal corporations held by residents of the District of Columbia; and if it does, does its invalidity on that account render the entire section void?"

Whether the power to certify exists therefore must be decided by a consideration of § 250 of the Judicial Code which deals with the right to review by error or appeal. As, when that section is considered, it appears that its third paragraph in express terms confers power on this court to review on error or appeal judgments or decrees of the court below "in cases involving. the construction or application of the Constitution of the United States, or the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority," it is at once demonstrated that the court below was devoid of any authority to make the certificate and hence that this court has no jurisdiction to answer the questions.

But it is suggested that, as it was held in *American Security & Trust Co.* v. *District of Columbia,* 224 U. S. 491, that the power conferred upon this court by paragraph sixth of § 250, to review on error or appeal judgments or decrees of the court below "in cases in which the construction of any law of the United States is drawn in question by the defendant," embraced only the construction of laws of general operation as distinguished from those which were local to the District of Columbia, therefore the grant of power to determine the constitutionality of acts of Congress must be treated as applying only to such acts as are general in character, of which it is insisted the act involved in this case is not one.

But the contention disregards the suggestion of a difference between the two subjects which was made in the *American Security Case,* and overlooks the implication resulting from a subsequent case directly dealing with the same matter. *United Surety Co.* v. *American Fruit Co.,* 238 U. S. 140.

In addition, as the paragraphs of § 250 in question but reënact provisions of prior statutes which had been construed as conveying authority to review controversies

concerning the constitutional power of Congress to enact local statutes (*Parsons* v. *District of Columbia*, 170 U. S. 45; *Smoot* v. *Heyl*, 227 U. S. 518), the proposition conflicts with the settled rule that, where provisions of a statute had previous to their reënactment a settled significance, that meaning will continue to attach to them in the absence of plain implication to the contrary. *Latimer* v. *United States*, 223 U. S. 501, 504; *Anderson* v. *Pacific Coast S. S. Co.*, 225 U. S. 187, 199; *Louisville Cement Co.* v. *Interstate Commerce Commission*, 246 U. S. 638, 644.

That a decision below which merely deals with and interprets a local statute is not subject to review by error or appeal, affords no basis for saying that the exertion of the infinitely greater power to determine whether Congress had constitutional authority to pass a statute local in character should be necessarily subjected to a like limitation. To the contrary, the elementary principle is that the right to pass upon the greater question, the constitutional power of Congress, draws to it the authority to also decide all the essential incidents, even though otherwise there might not be a right to consider them. *Field* v. *Barber Asphalt Paving Co.*, 194 U. S. 618, 620; *Williamson* v. *United States*, 207 U. S. 425, 432; *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59, 64; *Wilson* v. *United States*, 232 U. S. 563, 565; *Singer Sewing Machine Co.* v. *Brickell*, 233 U. S. 304, 313.

It follows that the certificate must be and it is

*Dismissed for want of jurisdiction.*