UNIVERSAL SERVICE WIRELESS, Inc., v. FEDERAL RADIO COMMISSION.

No. 5005.

Court of Appeals of District of Columbia.
Argued April 7, 1930.
Decided May 5, 1930.

W. J. Lambert, R. H. Yeatman, and Austin F. Canfield, all of Washington, D. C., for appellant.

Bethuel M. Webster, Jr., Paul D. P. Spearman, Thad H. Brown, and Arthur W. Scharfeld, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decision of the Radio Commission, involving a question of jurisdiction.

It appears that, during the early part of 1928, a series of hearings were had before

the Commission to determine the advisability of recognizing a class of radio stations to be known as "Public service, point-to-point stations, engaged in the transmission of press communications." From the testimony adduced, the Commission favored the formation of a single public service corporation to handle radio communications for press and newspaper interests. The Commission were of the opinion that such a plan would best serve the public interest, convenience, and necessity, due to the limited number of frequencies available for the large group of applicants.

During this period of consideration a number of press associations and newspapers organized for the purpose of more conveniently presenting the matters to the Commission, and one Pierson was named trustee of this organization, which was known as the "American Publishers' Committee." After several hearings the Commission, on May 24, 1928, authorized permits for general service stations in the transoceanic short-wave service. These were authorized upon certain conditions, noncompliance with which would make the permits void. The applicant trustee was further required to furnish the Commission with satisfactory evidence that the American Publishers' Committee would represent the entire press of the United States for radio communication.

On August 1, 1928, construction permits were issued to Pierson, as trustee, requiring construction to be completed by January 31, 1929. This was followed by the various press applicants applying to the Commission for assignment of frequencies to the individual applicants. This request was denied by the Commission on the ground that it would be unwise to parcel out the stations as requested. Thereafter Pierson, as trustee, submitted a proposed form of corporate organization "as a straight Western Union Telegraph Company for the Press." He thereupon made application for twenty-five frequencies in the domestic band, together with an outline for an organization providing for a number of press service corporations instead of a single one. This modified plan was accepted by the Commission, under certain conditions, with the understanding "that the corporations to be recognized must each be under a full press service obligation." Thereupon Pierson, on December 15, 1928, surrendered the original construction permits for transoceanic communication, which had been issued on August 1, 1928.

On December 22, 1928, the Commission approved the applications, signed by Pierson, for Radio construction permits to be used for domestic and transoceanic communication. The conditions under which the approval was made were not fulfilled; and at no time was the appellant willing to submit to the allocations of frequencies made under the order of December 22d; and finally on June 5th repudiated the action of the Commission and refused to accept any benefits thereunder. At a hearing before the Commission on June 5th the representatives requested the Commission to take reasonable steps to remedy the situation caused by the refusal of appellant to comply with the Commission's order of December 22d.

In this situation, in order to accord beneficial use of the frequencies reserved for the press, the Commission, on June 21, 1929, reissued the construction permits of August 1, 1928, to Pierson, as trustee for the American Publishers' Committee. This amounted to a revival of the Commission's previous order of August 1, 1928, providing for the formation of a single general public utility corporation to serve the entire American press. It is from this order that the present appeal was taken.

Coming to the question of jurisdiction, section 16 of the Radio Act of 1927, 44 Stat. 1169 (47 USCA § 96), among other things, provides: "Any applicant for a construction permit, for a station license, or for the renewal or modification of an existing station license whose application is refused by the licensing authority shall have the right to appeal from said decision to the Court of Appeals of the District of Columbia; and any licensee whose license is revoked by the commission shall have the right to appeal from such decision of revocation to said Court of Appeals of the District of Columbia or to the district court of the United States in which the apparatus licensed is operated, by filing with said court, within twenty days after the decision complained of is effective, notice in writing of said appeal and of the reasons therefor."

█ It is urged in the motion to dismiss that the action of the Commission here appealed from does not come within any of the grounds defined in the statute, as there was no denial by the Commission of an application for a construction permit, or an application for a station license, or an application for renewal of an existing station license, or an application for modification of an existing station license. Nor is the appeal from an order revoking a station license. It cannot be held that the action of the Commission of December 22d, authorizing the issuance of a construction permit to appellant, consti-

tutes an appealable decision; nor can it be held that the action of the Commission of June 21, 1929, declaring its previous action of December 22d noneffective and authorizing the reissuance of the construction permits of August 1, 1928, to Pierson, trustee, is an appealable decision. At no time did the Commission take action on any separate pending application of appellant; nor did the appellant at any time, following the order of December 22, 1928, accept or recognize in any respect the order of the Commission; hence, in the order of June 20, 1929, the Commission made no order adverse to any claim of the appellant.

It is conceded by counsel for appellant that this appeal is not taken from an order denying appellant an application for a license, but is based upon the theory that "the Commission, by its order of June 20, 1929, attempted to nullify its order of December 22, 1928, and to take away from and deprive appellant of the rights acquired by it under said order." The weakness of this position consists in the fact that appellant never accepted any rights under the order of December 22, but contested the order of the Commission consistently and persistently, and on June 5, 1929, announced its refusal to accept any benefits under the order of December 22d. It, therefore, was not such a party to the order of June 21, 1929, as to give it, under the statute, the right of appeal. Nor can appellant relate his appealable right back to the order of December 22, since the court is without jurisdiction, in that an appeal from that order was not noted within time; consequently, there seems to be no ground upon which the right of appeal can be upheld in this case.

The right of appeal being a statutory one, the court cannot dispense with its express provisions, even to the extent of doing equity. Saltmarsh v. Tuthill, 12 How. 387, 13 L. Ed. 1034; Carlin v. Goldberg, 45 App. D. C. 540.

The appeal is dismissed.