**BOSTON BROADCASTING CO., STATION WLOE (NEW ENGLAND BROADCASTING CO., Intervener) v. FEDERAL RADIO COMMISSION.**

No. 5598.

Court of Appeals of the District of Columbia.

Argued May 2, 1933.

Decided June 19, 1933.

See, also, Goss v. Federal Radio Commission, 62 App. D. C. 301, 67 F.(2d) 507; Pote v. Federal Radio Commission, 62 App. D. C. 303, 67 F.(2d) 509.

Louis G. Caldwell and Arthur W. Scharfeld, both of Washington, D. C., for appellant.

Ben S. Fisher, Fanney Neyman, and George B. Porter, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Federal Radio Commission denying the application of Boston Broadcasting Company for a renewal of its station license.

The appellant is the operator of radio broadcasting station WLOE, at Boston, Mass., licensed for the use of 1,500 kilocycles with a power output of 250 watts daytime, 100 watts nighttime, for half-time operation. On December 27, 1930, it filed an application for a renewal of its station license. The Commission designated the application for hearing on April 24, 1931, giving the applicant due notice of the time and place of hearing, and the issue to be met, pursuant to section 11 of the Radio Act of 1927, 44 Stat. 1167, as amended (47 USCA § 91).

A hearing upon appellant's application was held before an Examiner regularly appointed by the Commission. Appellant appeared by its president and treasurer, and by counsel, and fully participated in the hearing.

The Examiner thereupon filed his report recommending a denial of appellant's application. Exceptions to the Examiner's report were filed by appellant, together with a motion for rereference to the Examiner for the taking of further testimony. The motion was denied by the Commission, and on January 18, 1932, the Commission filed its statement of facts, grounds for decision, and order denying the application of appellant for a renewal of its license.

The grounds upon which the Commission based its decision were: (1) That no showing was made by appellant of sufficient financial resources to insure the proper operation of the station; (2) that the record disclosed that appellant was not in fact the owner of the station as set forth in the sworn application filed by it; (3) that the transmitting equipment employed by appellant has not been maintained in such condition as to insure the full use of the facilities theretofore granted; (4) that there was not a sufficient showing of a need for the services of station WLOE in the Boston area, which already receives good broadcasting services from seven existing stations, other than WLOE, located in and near that city; and (5) that public interest, convenience, and necessity would not be served by the granting of appellant's application. This appeal was taken from the foregoing decision under section 16 of the Radio Act of 1927, as amended (46 Stat. 844 [47 USCA § 96]), which limits the appel-

late authority of this court by the following proviso to wit:

"*Provided, however,* That the review by the court shall be limited to questions of law and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious."

See Federal Radio Commission v. Nelson Brothers Bond & Mortgage Company (Federal Radio Commission v. North Shore Church), United States Supreme Court, decided May 8, 1933, reported 289 U. S. 266, 53 S. Ct. 627, 77 L. Ed. 1166.

A review of the record convinces us that the decision of the Commission is not contrary to law and that its findings are supported by substantial evidence and are not arbitrary or capricious.

In support of the first ground of the Commission's decision it appears from the testimony that the appellant, Boston Broadcasting Company, was at the time of the hearing insolvent and unable with its own means or its own credit to operate the station in question. It appears that on April 27, 1931, a creditor's petition had been filed against it in the United States District Court for the District of Massachusetts alleging the insolvency of the company and praying that it be adjudged a bankrupt, and that the court in due course adjudged the company to be bankrupt. It also appears that in a suit in equity brought in the superior court of Suffolk county, Mass., by the New England Broadcasting Company it was found that under the provisions of the contract between the New England Broadcasting Company and the Boston Broadcasting Company the former was entitled to a reassignment of station license WLOE, subject only to the approval of the Federal Radio Commission. It appears that in the bankruptcy proceedings the other property of the Boston Broadcasting Company was sold to William S. Pote, an officer and agent of the New England Broadcasting Company.

In support of the second finding of the Commission it appears that when the Boston Broadcasting Company theretofore applied for its license, it declared that it was the owner of the station, whereas in fact it was but a licensee with only a defeasible tenure. In section 10 of the Radio Act of 1927 (44 Stat. 1166 [47 USCA § 90]) it is provided that applications for license to broadcast shall set forth the ownership of the proposed station. In section 14 of the act (47 USCA § 94) it is provided that any station license shall be revocable by the Commission for false statements either in the application or in the statement of facts which may be required as to the ownership thereof.

In support of the third section of the Commission's finding it appears by the deposition of Weston, radio inspector, that he inspected station WLOE in the regular course of his official duties on March 27, 1931, and again on April 21, 1931, and on both occasions the station was being operated by but one tube, whereas the license required its operation by two tubes. On the first occasion the power of the tube in operation was $141\frac{1}{2}$ watts, as against the licensed power of 250 watts. On the second occasion a new tube had been installed to replace the old tube in use on the previous inspection; and its power output was 132 watts, as against the licensed 250 watts. It is provided by section 14 of the Radio Act of 1927, supra, that any station license shall be revocable by the Commission for failure to operate substantially as set forth in the license. In this instance appellant operated the station with but a single tube for several months in violation of the express terms of its station license, and when that tube became defective the station was compelled to close down for several days.

As for the fourth finding of the Commission, it appears that seven broadcasting stations, excluding WLOE, are located at Boston or so near thereto as to furnish the service area of WLOE with complete efficiency. This list may be considered by the Commission at any hearing and is expressly made a part of every record, without special request or offer by any party in any hearing, upon application for an instrument of authorization. See rule 64 of the Rules and Regulations of the Federal Radio Commission.

It may be noted that two other appeals affecting the broadcasting license involved in the present appeal, to wit, appeal No. 5604, Fred H. Goss, appellant, v. Federal Radio Commission, 62 App. D. C. 301, 67 F. (2d) 507, and appeal No. 5605, William S. Pote, representing the New England Broadcasting Company, v. Federal Radio Commission, 62 App. D. C. 303, 67 F. (2d) 509, were decided by the Commission at the same time as the present appeal, and involved many of the questions appearing in the present record. The New England Broadcasting Company applied in the present case to be permitted to intervene. This was denied by the Commission, to which ruling the company except-

ed. We have not discussed these exceptions in this opinion because of the fact that the same issue is presented in case No. 5605, supra. Decisions in Nos. 5604 and 5605 are handed down by us concurrently herewith, and should be read in connection with our decision in the present case. The stay order entered in this appeal is dissolved, and the decision of the Federal Radio Commission herein is affirmed.