## GOSS v. FEDERAL RADIO COMMISSION.
### No. 5604.

Court of Appeals of the District of Columbia.
Argued April 3, 1933.
Decided June 19, 1933.

See, also, Boston Broadcasting Co. v. Federal Radio Commission, 62 App. D. C. 299, 67 F.(2d) 505; Pote v. Federal Radio Commission, 62 App. D. C. 303, 67 F.(2d) 509.

Nyman H. Kolodny, of Boston, Mass., for appellant.

Ben S. Fisher and Fanney Neyman, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decision and order of the Federal Radio Commission denying an application of the appellant, Fred H. Goss, entitled "An application for radio broadcasting station construction permit," for a construction permit to erect a new station at Boston, Mass., requesting the use of 1,500 kilocycles, with a power output of 250 watts daytime and 100 watts nighttime, and unlimited hours of operation.

The Commission was unable to find from an examination of the application that the granting thereof would serve public interest, convenience, and necessity, and therefore in accordance with section 11 of the Radio Act of 1927 (44 Stat. 1162), as amended (47 USCA § 91); designated the same for public hearing, at a time certain, of which due notice was given to appellant.

In accordance with the notice, a hearing was regularly held before an Examiner appointed by the Commission, and appellant appeared in person and by counsel, together with other parties interested in the issue.

Thereafter, on November 11, 1931, the Examiner filed his report recommending that the application be denied, to which the appellant filed exceptions. On January 8, 1932, the Commission made its decision and order overruling appellant's exceptions to the Examiner's report and denying his application. From these rulings of the Commission, the present appeal was taken.

The Commission reported as the grounds for its decision that Boston and vicinity already received good broadcasting service from seven existing stations located in and near that city; that there was no showing of any substantial need for additional service as proposed by appellant; that the granting of the application would result in objectionable interference in case of simultaneous operation of the proposed station and existing stations now operating upon the requested frequency; that no sufficient showing was made that appellant possesses the financial ability to insure the proper construction

and operation of the proposed station; and that public interest, convenience, and necessity would not be served by the granting of the application.

The present appeal was taken under the provisions of the Radio Act of July 1, 1930 (46 Stat. 844 [47 USCA § 96]), amending section 16 of the Radio Act of 1927 (44 Stat. 1162, 1169). The amendment limited the review by this court as follows:

"*Provided, however,* That the review by the court shall be limited to questions of law and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious."

See Federal Radio Commission v. Nelson Brothers Bond & Mortgage Company (Federal Radio Commission v. North Shore Church), United States Supreme Court, decided May 8, 1933, reported 289 U. S. 266, 53 S. Ct. 627, 77 L. Ed. 1166.

After the appeal was lodged in this court, the Commission filed a motion to dismiss it, claiming that an appeal from a decision of the Commission refusing an application for a construction permit was not authorized by the terms of section 16, as amended. In section 16 of the Radio Act of 1927, supra (44 Stat. 1169), it is provided:

"Any applicant for a construction permit, for a station license, or for the renewal or modification of an existing station license whose application is refused by the licensing authority shall have the right to appeal from said decision to the Court of Appeals of the District of Columbia. * * *"

This section, as amended by the act of July 1, 1930, reads as follows:

"Sec. 16. (a) "An appeal may be taken, in the manner hereinafter provided, from decisions of the commission to the Court of Appeals of the District of Columbia in any of the following cases:

"(1) By any applicant for a station license, or for renewal of an existing station license, or for modification of an existing station license, whose application is refused by the commission.

"(2) By any licensee whose license is revoked, modified, or suspended by the commission.

"(3) By any other person, firm, or corporation aggrieved or whose interests are adversely affected by any decision of the commission granting or refusing any such application or by any decision of the commission revoking, modifying, or suspending an existing station license."

It thus appears that in the amendment Congress omitted from section 16 the provision permitting an appeal from a decision of the Commission refusing to grant an application for a construction permit.

In our opinion, however, the motion to dismiss should not be sustained, for the reason that appellant's application, although denominated an application for a construction permit, is in substance and effect an application for a station license. And the denial of the application was appealable under the amendment, as a refusal of an application for a station license.

We are convinced, however, upon a review of the record that the decision of the Commission upon the merits of the case is sustained by substantial evidence and is not contrary to law, nor is it arbitrary or capricious. The record discloses that Boston and vicinity receive excellent service from seven stations located in and closely adjacent to the city. Boston has 84 per cent. of the total facilities in use and assigned to Massachusetts. These do not include station WLOE in Boston whose application for renewal of license has been denied by the Commission, which decision is concurrently affirmed by this court.

There is no evidence in the record showing that any definite need exists for the station appellant desires to operate. His own testimony is that a local station is needed because the others are chain stations. This does not necessarily follow. It is common knowledge that many so-called "chain stations" render an efficient local service. When appellant's application was filed, there were pending before the Commission applications from other communities in Massachusetts who had not been awarded their share of broadcasting services seeking such facilities.

Upon testimony duly submitted and considered the Commission found that appellant does not possess the financial ability necessary to insure proper construction and operation of the proposed station. We need not discuss the testimony in detail, but it affords substantial proof in support of the Commission's decision.

The burden of proof is upon the applicant, and the decision of the Commission should be sustained upon the findings of fact unless they are without the support of substantial evidence. Upon a consideration of the record therefore we affirm the decision of the Commission.

Appeals, No. 5598 Boston Broadcasting Company v. Federal Radio Commission, 62 App. D. C. 299, 67 F.(2d) 505, and No. 5605 Wm. S. Pote (Station WLOE) v. Federal Radio Commission, 62 App. D.' C. 303, 67 F. (2d) 509, present issues related to the question presented in the present case. Decisions in those appeals are handed down concurrently herewith and should be read in connection with the decision in the present case.