## POTE (STATION WLOE) v. FEDERAL RADIO COMMISSION.

### No. 5605.

Court of Appeals of the District of Columbia.
Argued May 2, 1933.
Decided June 19, 1933.

GRONER, J., dissenting.

---

See, also, Goss v. Federal Radio Commission, 62 App. D. C. 301, 67 F.(2d) 507; Boston Broadcasting Co. v. Federal Radio Commission, 62 App. D. C. 299, 67 F.(2d) 505.

Louis G. Caldwell and Arthur W. Scharfeld, both of Washington, D. C., for appellant.

Ben S. Fisher, Fanney Neyman, and George B. Porter, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from the denial by the Federal Radio Commission of an application for involuntary assignment of the license of station WLOE from the licensee, Boston Broadcasting Company, to the appellant, William S. Pote.

It appears that on March 10, 1931, the appellant filed an application with the Federal Radio Commission for its consent to the involuntary assignment to himself of radio station license WLOE, situated at Chelsea, Mass.

The Commission was unable to determine that the granting of the application would serve public interest, convenience, and necessity. Accordingly, pursuant to section 11 of the Radio Act of 1927 (44 Stat. 1162, 1167), as amended (47 USCA § 91), it designated the application for a public hearing on September 14, 1931, of which due notice was given to the applicant.

Whereupon, on the day stated in the notice, the application came on for hearing before an Examiner regularly appointed by the Commission. On November 11, 1931, the Examiner duly submitted his report to the Commission wherein he recommended that the application be denied. The applicant filed exceptions to the Examiner's report, and filed a motion for a rereference to the Examiner for taking further testimony, which was denied by the Commission.

On January 18, 1932, the Commission filed its statement of facts, grounds for decision, and order, denying the application upon the grounds that there was no sufficient showing made of the need for the services to be rendered by the proposed station; that the applicant was only an agent of a corporation which was the owner of station WLOE; that the applicant did not possess sufficient finan-

cial ability to insure the proper maintenance and operation of the station; and that public interest, convenience, and necessity would not be served by the granting of the application. The present appeal followed this decision.

■ On February 9, 1932, the Commission filed in this court a motion to dismiss the appeal upon the ground that a right of appeal in such case is not granted by section 16 of the Radio Act of 1927, as amended by Act July 1, 1930 (46 Stat. 844 [47 USCA § 96]), which provides for appeals from the Commission to this court. Action on this motion was deferred by the court until consideration of the case in its order.

In our opinion the motion of the Commission to dismiss the appeal should be sustained. Section 12 of the Radio Act of 1927 (44 Stat. 1162 [47 USCA § 92]) provides in part:

" * * * The station license required hereby [section 89], the frequencies or wave length or lengths authorized to be used by the licensee, and the rights therein granted shall not be transferred, assigned, or in any manner, either voluntarily or involuntarily, disposed of to any person, firm, company, or corporation without the consent in writing of the licensing authority."

The importance of this provision was stressed when before Congress as a means of preventing the barter and sale of licenses, whereby a single interest might without restraint acquire many stations by purchase or otherwise. See vol. 67, part 5, Congressional Record, 69th Congress, first session.

It appears by the record that broadcasting station WLOE, whose license is in question in this appeal, became insolvent and was declared bankrupt. Its chattel property was sold in bankruptcy proceedings to the appellant, William S. Pote. But in a case pending in a Massachusetts state court it was held and ordered that the broadcasting license of the station vested in the New England Broadcasting Company, because of the default of the Boston Broadcasting Company to discharge its obligations under its contract with that company, and that the latter company was entitled to a reassignment of the radio broadcasting license subject only to the approval of the Federal Radio Commission. The present application seeks the permission of the Commission for a transfer of that license to applicant. In the course of the hearing the applicant requested permission to amend his application by substituting the name of the New England Broadcasting Company for his own. This, however, was denied by the Commission.

Section 16 as amended by Act of July 1, 1930, reads as follows:

Sec. 16. (a) "An appeal may be taken, in the manner hereinafter provided, from decisions of the commission to the Court of Appeals of the District of Columbia in any of the following cases:

"(1) By any applicant for a station license, or for renewal of an existing station license, or for modification of an existing station license, whose application is refused by the commission.

"(2) By any licensee whose license is revoked, modified, or suspended by the commission.

"(3) By any other person, firm, or corporation aggrieved or whose interests are adversely affected by any decision of the commission granting or refusing any such application or by any decision of the commission revoking, modifying, or suspending an existing station license."

It thus appears that no provision for an appeal from a refusal to permit an assignment of a broadcasting license is included either specifically or impliedly within the controlling section above quoted. It is contended, however, by appellant that the appeal may be maintained under the provision for an appeal from a refusal of an application for a "modification of an existing station license."

We cannot sustain this contention. A modification of a station license signifies a change in some of the terms of the license itself. It is not proposed by appellant in the present case to amend any of the terms of the broadcasting license in question, but simply to transfer the same from one person to another. We think that such an assignment cannot be called a modification of the assigned license, inasmuch as its terms and conditions remain unaffected by the transfer.

■ The right of appeal to this court from any decision of the Federal Radio Commission is not allowed as a matter of course, but is purely statutory, and the terms of the statute must be strictly followed. As was said by us in Universal Service Wireless, Inc., v. Federal Radio Commission, 59 App. D. C. 319, 41 F.(2d) 113, 115:

"The right of appeal being a statutory one, this court cannot dispense with its express provisions, even to the extent of doing equity."

■ This conclusion also effectually answers the exceptions taken by the New England Broadcasting Company to the refusal of the

Commission to permit it to intervene in Case No. 5598, Boston Broadcasting Company v. Federal Radio Commission, 62 App. D. C. 299, 67 F.(2d) 505, 'inasmuch as the New England Broadcasting Company could not acquire any rights in the broadcasting license of station WLOE without first obtaining the written permission of the Commission. Our opinions in Appeal No. 5598, supra, and in Fred H. Goss v. Federal Radio Commission, 62 App. D. C. 301, 67 F.(2d) 507, should be read in connection with our decision herein.

The stay order granted in this appeal is hereby discharged and the appeal is dismissed.

GRONER, Justice, dissenting.

I am of opinion that appellant, in the circumstances shown in the opinion of the court, is, in contemplation of section 16 of the Radio Act (Act Feb. 23, 1927, c. 169, § 16, 44 Stat. 1169, as amended by Act July 1, 1930, c. 788, 46 Stat. 844 [47 USCA § 96]), an "applicant for a station license." The fact that he is applying for a transfer to him of a previously existing license does not make him any the less an "applicant" for a license. He had acquired all the property of the former licensee but could not operate the station without obtaining a license in his own name from the Commission. It was this he applied for, and upon the refusal of the Commission to grant the transfer, which meant to grant the license, he had, in my opinion, a right of appeal to this court.

The Commission did grant him a hearing and denied the application on the merits. In this respect I think the decision of the Commission was right, but I think it is going very much too far to dismiss the appeal on the ground that appellant is not entitled to a hearing.

My vote, therefore, is to affirm the decision of the Commission on the merits.