FEDERAL COMMUNICATIONS COMMISSION *v.* COLUMBIA BROADCASTING SYSTEM OF CALIFORNIA, INC.*

No. 39. Argued November 15, 1940.—Decided November 25, 1940.

---

* Together with No. 40, *Federal Communications Commission* v. *Associated Broadcasters, Inc.,* also on writ of certiorari, 310 U. S. 617, to the Court of Appeals for the District of Columbia.

*Mr. Telford Taylor,* with whom *Solicitor General Biddle* and *Messrs. Joseph L. Rauh, Jr., Benedict P. Cottone,* and *Harry M. Plotkin* were on the brief, for petitioner.

*Mr. Duke M. Patrick* for respondent in No. 39. No appearance for respondent in No. 40.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

We brought these two cases here, 310 U. S. 617, because they raise questions of importance touching the distribution of judicial authority under the Communications Act of 1934. (Act of June 19, 1934, 48 Stat. 1064, as amended by the Act of June 5, 1936, 49 Stat. 1475, and by the Act of May 20, 1937, 50 Stat. 189; 47 U. S. C. § 151 *et seq.*)

Insofar as action of the Federal Communications Commission is subject to judicial review, the Act bifurcates access to the lower federal courts according to the nature of the subject matter before the Commission. Barring the exceptions immediately to be noted, § 402 (a) assimi-

lates "suits to enforce, enjoin, set aside, annul, or suspend any order of the Commission under this Act" to the scheme of the Act of October 22, 1913 (38 Stat. 219), pertaining to judicial review of orders of the Interstate Commerce Commission. Therefore as to the general class of orders dealt with by § 402 (a) jurisdiction rests exclusively in the appropriate district court, specially constituted, with direct appeal to this Court. Excepted from this scheme of jurisdiction is "any order of the Commission granting or refusing an application for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, or suspending a radio operator's license." These five types of orders, thus placed beyond the jurisdiction of the district courts, are then affirmatively dealt with by § 402 (b). As to them, that provision gives an appeal "from decisions of the Commission to the Court of Appeals of the District of Columbia," with ultimate resort to this Court only upon writ of certiorari.

Our problem, then, is to apply this scheme of jurisdiction to the situation before us. Acting under § 310 (b) of the Communications Act, the Commission refused consent to an assignment to the Columbia Broadcasting System of California of a radio station license held by the Associated Broadcasters. Columbia and Associated thereupon sought in the Court of Appeals for the District review of the Commission's denial of consent. The Commission moved to dismiss the appeals for want of jurisdiction. The court below, with one justice dissenting, denied the motions and entertained jurisdiction. 71 App. D. C. 206; 108 F. 2d 737.

The crux of the controversy is whether an order of the Commission, in the exercise of its authority under § 310 (b), denying consent to an assignment of a radio station license is an order "refusing an application . . . for

a radio station license," within the meaning of §§ 402 (a) and (b). If it is, the court below was seized of jurisdiction. If it is not, that court was without it. In the language quoted in the margin, Congress has made the choice and it is for us to ascertain it.[1]

Primarily, our task is to read what Congress has written. As a matter of common speech, the excepted types of orders which alone can come before the Court of Appeals for the District of Columbia do not include an order refusing the consent required by § 310 (b). Refusing "an application . . . for a radio station license" is hardly an apt way to characterize refusal to assent to the transfer of such a license from an existing holder. Nor is there anything to indicate that the peculiar idiom of the industry or of administrative practice has modified

---

[1] Sec. 402: "(a) The provisions of the Act of October 22, 1913 (38 Stat. 219), relating to the enforcing or setting aside of the orders of the Interstate Commerce Commission, are hereby made applicable to suits to enforce, enjoin, set aside, annul, or suspend any order of the Commission under this Act (except any order of the Commission granting or refusing an application for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, or suspending a radio operator's license) and such suits are hereby authorized to be brought as provided in that Act.

"(b) An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the Court of Appeals of the District of Columbia in any of the following cases:

"(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, whose application is refused by the Commission.

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application.

"(3) By any radio operator whose license has been suspended by the Commission."

If the assignee is covered § 402 (b) (1) the assignor would be within § 402 (b) (2).

the meaning that ordinary speech assigns to the language. Instead of assimilating the requirements for transfers to applications for new licenses or renewals, the Act as a whole sharply differentiates between them. Different considerations of policy may govern the granting or withholding of licenses from those which pertain to assent to transfers. And Congress saw fit to fashion different provisions for them. Compare §§ 307, 308, 309, and 319 with § 310 (b). There are also differences in the formulated administrative practice for disposing of applications for station licenses and requests for consents to transfer. Nor do some similarities in treatment make irrelevant the differences.

A sensible reading of the jurisdictional provisions in the context of the substantive provisions to which they relate gives no warrant for denying significance to the classification made by Congress between those orders for which review can only come before the local district courts, and those five types of orders, explicitly characterized, which alone can come before the Court of Appeals for the District. And an order denying consent to an application for a transfer is not one of those five, for it is not an application for "a radio station license" in any fair intendment of that category.

What thus appears clear from a reading of the Communications Act itself is not modified by the collateral materials which have been pressed upon us. That both sides invoke the same extrinsic aids, one to fortify and the other to nullify the conclusion we have reached, in itself proves what dubious light they shed. What was said in Committee Reports, and some remarks by the proponent of the measure in the Senate, are sufficiently ambiguous insofar as this narrow issue is concerned, to invite mutually destructive dialectic, but not strong enough either to strengthen or weaken the force of what

Congress has enacted. See Sen. Rep. No. 781, 73d Cong., 2d Sess., pp. 9–10; House Rep. No. 1918, 73d Cong., 2d Sess., pp. 49–50; 78 Cong. Rec. 8825–26. This leaves for consideration only the bearing of an earlier decision by the Court of Appeals for the District on this very question, arising under the predecessor of the Communications Act, the Radio Act of 1927, 44 Stat. 1162, as amended, 46 Stat. 844. In that Act, § 16 covered, for present purposes, the provisions of § 402 (b) of the Communications Act. *Inter alia*, it provided for appeals to the court below by "any applicant for a station license." Construing that provision, the court below in *Pote* v. *Federal Radio Commission,* 67 F. 2d 509, held that it was without jurisdiction over an appeal by a transferee to whom consent to a transfer had been denied. The present § 402 was adopted after this decision and another decision by the same court within this field of jurisdiction (*Goss* v. *Federal Radio Commission,* 67 F. 2d 507) had been presumably brought to the attention of Congress. Hearings on S. 2910, 73d Cong., 2d Sess., pp. 44–45. On the one hand it is insisted that, in the light of these circumstances, the construction in the *Pote* decision was impliedly enacted by Congress, while respondents urge that differences in the provisions regarding the Commission's power over consent to transfers destroy the significance of the *Pote* case. But these changes in § 310 (b), which stiffened the control of the Commission over transfers, are wholly unrelated to the technical question of jurisdiction with which we are now concerned. We are not, however, willing to rest decision on any doctrine concerning the implied enactment of a judicial construction upon reënactment of a statute. The persuasion that lies behind that doctrine is merely one factor in the total effort to give fair meaning to language. And so, at the lowest, the *Pote* case certainly

does not detract from, but if anything reënforces, the construction required by a clear-eyed reading of the statute.

*Reversed.*