MECHANICS FINANCE CO., A BODY CORPORATE, PLAINTIFF-APPELLANT, v. PERCY AUSTIN, DEFENDANT, AND THE PENNSYLVANIA RAILROAD COMPANY, LIKEWISE A BODY CORPORATE, GARNISHEE-RESPONDENT.

MECHANICS FINANCE CO., A BODY CORPORATE, PLAINTIFF-APPELLANT, v. JOHN McELROY, DEFENDANT, AND THE PENNSYLVANIA RAILROAD COMPANY, LIKEWISE A BODY CORPORATE, GARNISHEE-RESPONDENT.

Argued September 17, 1951—Reargued January 14, 1952—Decided January 28, 1952.

578

*Mr. Louis J. Greenberg* argued the cause for appellant (*Mr. Sidney H. Kantrowitz,* on the brief; *Messrs. Richenbaum, Kantrowitz & Eichenbaum,* attorneys).

*Mr. John F. Lynch, Jr.,* argued the cause for the garnishee-respondent (*Mr. Edward J. O'Mara,* on the brief; *Messrs. O'Mara, Conway & Schumann,* attorneys).

The opinion of the court was delivered by

HEHER, J. We are concerned here with the construction of *R. S.* 2:32–180, as amended by chapter 73 of the Session Laws of 1943 (*Pamph. L., p.* 282), providing that when a judgment has been recovered in a district court of New Jersey, and "any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor, or shall thereafter become due and owing to him," in an amount as therein specified, the judgment creditor may "without notice to the judgment debtor, apply to the court in which the judgment was recovered, and, upon satisfactory proofs of such facts by affidavits or otherwise, the court shall grant an order directing" the issuance of an execution against such weekly income.

Each of the judgment debtors was at the time of the recovery of the judgment and still is a resident of New Jersey. Each was then and still is employed by the Pennsylvania Railroad Company, a foreign corporation authorized to do business in New Jersey. In each case the employment *situs* was in New York at the time of the entry of the judgment, and is still there. There, the service was and is now being rendered; and it is stipulated that "the wages sought to be garnisheed were both earned and paid outside" New Jersey. In each case the order for the wage execution was entered after notice to the judgment debtor pursuant to *Rule* 7:11–5. The garnishee thereupon moved to vacate the orders on the ground that it is a non-resident and the wages of the judgment debtors are not within "the reach and jurisdiction" of the court.

The Appellate Division set aside the orders on the theory that there had been legislative acquiescence by inaction in the holding of the old Supreme Court in *Continental Purchasing Company v. Williams*, 132 *N. J. L.* 445 (*Sup. Ct.* 1945) that nonresident garnishees are not within the terms of the cited statute and there was no "jurisdiction over them." 11 *N. J. Super.* 399. The cases are here by certification granted at the instance of the plaintiff judgment creditor.

■ The power of the Legislature to extend the particular remedy to "nonresident" employers in circumstances such as these is not challenged. The insistence is that it has not done so by the statute under review. We take a different view. We perceive no distinction in this regard between resident employers and foreign corporate employers authorized to do business in New Jersey. The terms chosen to express the legislative purpose make no such classification; and the policy of the provision offers no rational ground for such differentiation. Quite the contrary. The remedial policy would not be served by the exclusion of a foreign corporate employer authorized to transact its business in New Jersey from the operation of the statute.

■ The corporate employer is not made a party to the proceeding for the purpose of adjudicating its own property rights or subjecting it to a judgment *in personam*. The wage execution merely directs the payment to the judgment creditor of moneys in the employer's hands, or thereafter to come to his hands, belonging to the judgment debtor; and there is no discernible reason of principle or policy why a foreign corporation whose right to do business in New Jersey is conditioned upon submission to the State's judicial process should not be subject to notice that, in accordance with the statute, moneys in its possession owing to the judgment debtor have been appropriated by judicial decree to the satisfaction of the judgment and as well to an order of compliance. The provision is applicable to all judgment debtors and their employers. As the law is written, such a distinction would be illusory. It is inadmissible in the absence of a specific qualification. The policy itself has no such inherent limitation. Although the employer here is not a citizen of or domiciled in New Jersey, there is residency in the State sufficient to subject it to the statutory process thus invoked. It is subject to the State's judicial power. A foreign corporation is amenable to the jurisdiction of the New Jersey courts in garnishment if it could itself be sued by its creditor in this State. *McGregor v. Erie R.*

*Co.,* 35 *N. J. L.* 115 (*Sup. Ct.* 1871); *National Fire Insurance Co. v. Chambers,* 53 *N. J. Eq.* 468 (*Ch.* 1895); *Harris v. Balk,* 198 *U. S.* 215, 25 *S. Ct.* 625, 49 *L. Ed.* 1023 (1905); *Baltimore & Ohio R. Co. v. Allen,* 58 *W. Va.* 388, 52 *S. E.* 465, 3 *L. R. A.* (*N. S.*) 608 (*Sup. Ct. Apps.* 1905).

▓▓ The statute is in aid of the execution of judgments, and is to be liberally construed to suppress the mischief and advance remedy. *Russell v. Mechanics Realty Co.,* 88 *N. J. L.* 532 (*Sup. Ct.* 1916); *Harcum v. Green,* 111 *N. J. L.* 129 (*Sup. Ct.* 1933); *Passaic National Bank and Trust Co. v. Eelman,* 116 *N. J. L.* 279 (*Sup. Ct.* 1936); *Cowan v. Storms,* 121 *N. J. L.* 336 (*Sup. Ct.* 1938). The manifest reason of the provision is to render income of the prescribed classes available for the enforcement of judgments; and therein lies the key to its understanding. The motive which led to the making of the law is the surest means of its own exposition. *Valenti v. Board of Review of Unemployment Compensation Commission,* 4 *N. J.* 287 (1950); *City Affairs Committee of Jersey City v. Division of Local Government,* 134 *N. J. L.* 198 (*Sup. Ct.* 1946); *Ross v. Miller,* 115 *N. J. L.* 61 (*Sup. Ct.* 1935). There must needs be a rational interpretation to serve the end plainly in view.

▓▓ Citing *Trapp v. Brown,* 93 *N. J. L.* 172 (*E. & A.* 1919), the corporate employer urges a strict construction of the act as a measure in derogation of the common-law "rights of the debtor." But the case has particular reference to the taking from the judgment debtor "without notice, and without a hearing, property" which but for the statute would be "exempt from execution." It would be an artificial and unreal explication, distortive of the obvious intent, that would classify judgment debtors on the basis of their employment by domestic and foreign corporations doing business in New Jersey and subject to its judicial process, and grant the remedy in the one case but refuse it in the other. That would constitute an arbitrary classification wholly unrelated to the statutory policy. The statute is to have a fair con-

struction, such as will advance its manifest purpose, even though it be in derogation of the common law. The law is remedial rather than penal in nature; and it has been the rule from early times in this State that remedial statutes are to be liberally construed, although in substitution of the common law. *Paulmier, Adm'r. of Carhart, v. Erie R. R. Co.*, 34 *N. J. L.* 151 (*Sup. Ct.* 1870). The question in the final analysis is the apparent intention of the lawgivers.

It is said that related sections of the act are indicative of the more restricted intent. *R. S.* 2:32–181 provides that "on presentation" the execution "shall become a lien and continuing levy" upon the subject wages or income until full satisfaction is had; and that executions against the judgment debtor shall be satisfied one at a time, according to priority. *R. S.* 2:32–182 enjoins payment of the moneys accruing under the execution by "Any person, agent, treasurer, or other fiduciary officer of a private or public municipal corporation, including counties and the state, to whom" the execution "shall be presented." And *R. S.* 2:32–183 ordains that failure or refusal to make the payments shall render such "person, agent or officer" liable to an action therefor by the judgment creditor, the recovery to be applied towards the payment of the execution.

The policy of one execution at a time restrains the administration of the law by the New Jersey courts. There is no requirement that the debtor's obligations in other jurisdictions, arising by judgment or otherwise, be given priority over the execution. But this is not significant of a purpose to limit the operation of the provision to domestic corporations, and thus to narrow the meaning of the broader enabling clause. The same situation would exist where a domestic corporate employer has only the statutory registered office in New Jersey and its business outside the State.

And the statute is self-contained. It is not wanting in a provision for service of the garnishment order upon foreign corporations. The phrase "Any person, agent, treasurer, or other fiduciary officer of a private or public munici-

pal corporation," in section 182, is not, as argued, confined to "fiduciary officers of a domestic corporation" who "have control over wages paid" in the foreign jurisdiction, officers not likely to be in New Jersey. Unlike the statute considered in *Wheeler & Wilson Mfg. Co. v. Carty,* 53 *N. J. L.* 336 (*Sup. Ct.* 1891), the prescribed mode of service does not signify a purpose to confine the jurisdiction to corporations created by New Jersey—such as have their officers and directors resident in this State. There is no suggestion of this limitation in the associated words of the clause. Under that restrained view, the antecedent words suggestive of agents generally would have no meaning whatever; and this would not be true construction. That interpretation would also render the remedy ineffective against a domestic corporation whose business is entirely outside the State.[1]

We have no occasion here to consider the personal liability in given circumstances of the corporate agent to whom the execution is presented.

 And the non-exercise of the amendatory power since the determination of the cited case of *Continental Purchasing Co. v. Williams,* in 1945, is not of itself significant of passive legislative acquiescence in the interpretation accorded the statute in that case.

 There is no sufficient demonstration of legislative knowledge of the construction. Mere inaction for a relatively brief period does not give rise to the presumption of knowledge and acquiescence. *Ross v. Miller,* cited *supra.* And it was not the interpretation of the court of last resort. It is the rule in the federal jurisdiction that even the substantial reenactment of a statutory provision after its interpretation by the court of last resort does not necessarily give rise to a conclusive presumption of the adoption of the construction, but is rather a factor of more or less persuasive force in aid of construction. *Heald v. District of Columbia,* 254 *U. S.* 20, 41 *S. Ct.* 42, 65 *L. Ed.* 106 (1920); *United States v.*

---

[1] *Vide* 2A:17–53, effective January 1, 1952.

*Raynor,* 302 *U. S.* 540, 58 *S. Ct.* 353, 82 *L. Ed.* 413 (1938); *Federal Communications Commission v. Columbia Broadcasting System,* 311 *U. S.* 132, 61 *S. Ct.* 152, 85 *L. Ed.* 87 (1940); *Helvering v. Reynolds,* 313 *U. S.* 428, 61 *S. Ct.* 971, ·85 *L. Ed.* 1438, 134 *A. L. R.* 1155 (1941). This is not the case of a long-established construction which it is reasonably clear has had legislative acceptance by the reenactment of the statute in the same terms.

The judgments of the Appellate Division are reversed, and the orders of the District Court are affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING and ACKERSON—5.

*For affirmance*—Justices CASE and OLIPHANT—2.