34 N.J. Super. 111 (1954)
111 A.2d 517
MARGARET LITTLE, PLAINTIFF,
v.
LAWRENCE L. LITTLE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 12, 1954.
*112 Messrs. Rubenstein & Kosoff, attorneys for plaintiff (Mr. Mortimer J. Rubenstein, appearing).
Messrs. Young & Sears, attorneys for defendant (Mr. Harry L. Sears, appearing).
TOMASULO, J.S.C.
The plaintiff obtained a judgment nisi of divorce against the defendant on July 1, 1953 by which the plaintiff was awarded (a) custody of the two children of the marriage, and (b) the sum of $60 a week for her support and $35 a week for the support of each of the two infant children, making a total of $130 a week payable by the defendant on account of the foregoing. This judgment was thereafter modified upon the defendant's application so that, at the time of the instant application for the relief granted to the plaintiff by the order involved in the present appeal, the defendant was obligated to pay to the plaintiff for her support and the support of the children $75 a week instead of $130 a week as heretofore. The order was entered on June 18, 1954. Prior to the entry of the latter order and on May 12, 1954 the defendant, being in arrears, an order was entered upon plaintiff's application, adjudicating the amount of the arrearages, upon the basis of which order the defendant was thereafter directed to show cause why a writ of attachment should not be issued against his assets to make good the arrearages due the plaintiff. On June 14 an order was entered directing the issuance of a writ of attachment to a Sheriff of Essex County against the property, both real and personal, of the defendant. Before the attachment could be made effective, however, the defendant's present wife (the defendant having remarried) left the State of New Jersey, taking with her all the defendant's available assets, as a result of which the writ of attachment, although issued, became ineffectual and was returned unsatisfied. *113 Needless to say, since June 14, 1954 the defendant fell further in arrears to the extent of $500, making a total arrearage of $1,494.86 as of August 9, 1954.
Inquiry having developed that the defendant was a resident of Tulsa, Oklahoma, but still in the employ of E.F. Drew Company, a corporation authorized to do business in New Jersey and maintaining a place of business in the State of New Jersey, the plaintiff instituted a proceeding by petition in which she sought an order (a) establishing the arrearages due by the defendant as of the date of the application, and (b) directing the defendant's employer, E.F. Drew Company, to pay to the plaintiff the amount found due to the plaintiff from the monies due to the defendant, and in the future to make the payment of any additional monies due to the defendant to the Morris County Probation Office; the same to be applied to the amount due the plaintiff for her support and for the support of the children of the marriage. An order to show cause was thereupon directed to the defendant and to his employer company directing both of them to show cause on the 17th day of September 1954 why an order should not be entered providing for the sought for relief. Service of this order to show cause was made as provided for therein, viz., by mailing to the defendant, Lawrence L. Little, and by personal service upon the registered agent of the defendant's employer, E.F. Drew Company.
This appeal arises by reason of the entry of an order in this court granting the requested relief to the plaintiff. The employer contests the right of the plaintiff to relief upon the ground that the defendant's salary was paid through the New York office of the E.F. Drew Company, and that the salary was earned outside of the State of New Jersey.
Initially it may be stated that the right of this court to enforce its orders for alimony and support finds its source in N.J.S. 2A:34-23:
"Pending any matrimonial action brought in this state or elsewhere, or after judgment of divorce or maintenance, whether obtained in this state or elsewhere, the court may make such order *114 as to the alimony or maintenance of the wife, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. Upon neglect or refusal to give such reasonable security, as shall be required, or upon default in complying with any such order, the court may award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the said court shall from time to time seem reasonable and just; or the performance of the said orders may be enforced by other ways according to the practice of the court. Orders so made may be revised and altered by the court from time to time as circumstances may require."
That enforcement of this court's orders by sequestration or by execution is proper, has been held in Poeter v. Poeter, 15 N.J. Misc. 691 (Ch. 1937); Fischer v. Fischer, 13 N.J. 162 (1953). The sole argument of the E.F. Drew Company is that the plaintiff's order is improper because the source of the defendant's payroll is in New York, that his salary is earned outside of New Jersey, and that consequently it is beyond the jurisdiction of this court. I cannot subscribe to this reasoning. In the case of Mechanic's Finance Co. v. Austin, 8 N.J. 577 (1952), the debtors were employed by the Pennsylvania Railroad Company, a foreign corporation authorized to do business in New Jersey. The employment status was in New York and salaries were both earned and paid outside of the State of New Jersey. A wage execution was entered and the garnishee moved to vacate the same upon the ground that it was a non-resident and that the wages of the judgment debtor were beyond the reach of and the jurisdiction of the court. The Appellate Division vacated the order, 11 N.J. Super. 399, but this was reversed by the Supreme Court, Justice Heher stating, 8 N.J., at page 581, that by making application for and having become authorized to do business in New Jersey, that the garnishee company submitted itself to the jurisdiction of its courts and became amenable to its processes. The reasoning of the *115 court was predicated upon the holding that statutes in aid of execution of judgments should be liberally construed to prevent a failure of justice. Consequently, the wages in the cited case were held to be subject to the challenged execution. So also in the case sub judice.
The conduct of the defendant, while not illegal perhaps, does not lend itself to the favorable consideration of this court since it suggests a well laid out plan and objective to avoid his responsibility to his children and to his former wife and to place his assets beyond the reach of the arm of this court. In order to accomplish this, the defendant, through his present wife, removed all his available assets during the pendency of an order to show cause why they should not be made available in satisfaction of his former wife's claim.
I do not hesitate to state, under the circumstances here presented, that were any doubts engendered as to the relative rights of the parties, such doubts would be resolved as against the defendant and in favor of the plaintiff, since to do so would be in aid of the administration of justice rather than against it.
Based upon the foregoing, I conclude that the order in the instant proceeding was well grounded, both by precedent and by statute.