684 F.2d 594
 HUBBARD BROADCASTING, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and The United States of
America, Respondents,
Jackson and Chaisson Broadcasting Systems, Inc. and American
Broadcasting Companies, Inc., Intervenors.
 No. 81-2295.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1982.
Decided Aug. 6, 1982.
 
 Frank U. Fletcher, Robert L. Heald, Marvin Rosenberg, Robert L. Pettit, Fletcher, Heald & Hildreth, Washington, D. C., for petitioner Hubbard Broadcasting, Inc.
 James A. McKenna, Jr., Vernon L. Wilkinson, Robert W. Coll, Jill Abeshouse Stern, McKenna, Wilkinson & Kittner, Washington, D. C., for American Broadcasting Companies, Inc.
 William F. Baxter, Asst. Atty. Gen., Robert B. Nicholson, Atty., Dept. of Justice, Washington, D. C., Stephen A. Sharp, General Counsel, Daniel M. Armstrong, Associate General Counsel, C. Grey Pash, Jr., Counsel, Gregory M. Christopher, F.C.C., Washington, D. C., for respondent F.C.C.
 Before HEANEY, Circuit Judge, MILLER,* Judge, and COLLINSON,** Senior District Judge.
 MILLER, Judge.
 
 
 1
 Petitioner Hubbard Broadcasting, Inc. ("Hubbard") seeks review under 47 U.S.C. § 402(a) of the decision and order of respondent Federal Communications Commission ("FCC") upholding dismissal on June 9, 1981, by FCC's Broadcast Bureau of Hubbard's rulemaking petition to amend FCC's rule (47 C.F.R. § 73.22 (1981)) to provide for a Class I-A "clear channel" station (KOB) at Albuquerque, New Mexico, on the AM radio frequency 770 kiloHertz ("kHz").
 
 
 2
 The FCC order not only denied Hubbard's application for review of the Broadcast Bureau's dismissal of its rulemaking petition, but also denied: (1) Hubbard's application for review of the Bureau's denial of Hubbard's related request for waiver of section 73.22 of FCC's rule (Table of Assignments) to permit Class I-A operation for Station KOB; and (2) Hubbard's application for review of the Bureau's dismissal of its application for modification of its outstanding construction permit (granted November 2, 1976) to specify nondirectional nighttime operation for Station KOB, which would be expected to follow upon favorable action on either Hubbard's petition for rulemaking or its request for waiver.[1]
 
 
 3
 The threshold issue is whether this court has jurisdiction over this appeal in view of the exception contained in 47 U.S.C. § 402(a), which provides:
 
 
 4
 Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in (28 U.S.C. § 2342 et seq.[2]).
 
 47 U.S.C. § 402(b) provides, inter alia :
 
 5
 Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:(1) By any applicant for a construction permit or station license, whose application is denied by the Commission.
 
 
 6
 (2) By any applicant for the ... modification of any such instrument of authorization whose application is denied by the Commission.
 
 
 7
 ....
 
 
 8
 The facilities and status sought by Hubbard would require modification of the operation of American Broadcasting Company's Radio Station WABC (New York City) from Class I-A status, assigned to WABC by 47 C.F.R. § 73.22, to Class II-A. In dismissing Hubbard's rulemaking petition and application, the Broadcast Bureau pointed out that "(e)fforts to reclassify both KOB and WABC as directionalized Class I-B stations on 770 kHz were twice rejected by the Court of Appeals for the District of Columbia Circuit,[3] on the grounds that disparate treatment of the three network flagship stations (WNBC, WCBS, and WABC), entailed by directionalizing WABC, could not be justified."
 
 
 9
 In 1952, Congress amended section 402 to "make clear that judicial review of all cases involving the exercise of the Commission's radio-licensing power is limited to the United States Court of Appeals for the District of Columbia." S.Rep.No.44, 82d Cong., 1st Sess. 11 (1951); see H.R.Rep.No.1750, 82d Cong., 2d Sess. 2-3, 16 (1952) U.S.Code Cong. & Admin.News, p. 2234. In accordance with this stated purpose, the courts generally have required that appeals be taken under section 402(b) where the Commission's action bears a "close functional similarity" to the types of cases enumerated under that section,[4] or is "ancillary" to,[5] or "in aid of,"[6] or "intimately associated with"[7] the FCC licensing authority.
 
 
 10
 Hubbard cites Campos v. FCC, 650 F.2d 890, 893 (7th Cir. 1981), for its statement that "it is well settled that Section 402(b) is to be narrowly construed and confined to the enumerated categories," citing FCC v. Columbia Broadcasting System, 311 U.S. 132, 61 S.Ct. 152, 85 L.Ed. 87 (1940). However, the quoted statement is dictum, and the cited case merely calls for a "clear-eyed" reading of section 402(b). Moreover, the Seventh Circuit panel appears to have overlooked the later case of Columbia Broadcasting System, Inc. v. United States, 316 U.S. 407, 416, 62 S.Ct. 1194, 1199, 86 L.Ed. 1563 (1942), wherein, consistent with the Congressional purpose, the court said that, in determining whether an FCC order is appealable under section 402(a) or section 402(b), "it is the substance of what the Commission ... has done which is decisive."
 
 
 11
 Hubbard also cites New Jersey Coalition for Fair Broadcasting v. FCC, 574 F.2d 1119, 1121 (3d Cir. 1978), wherein the court held that it had jurisdiction under section 402(a) to review the results of an informal rulemaking proceeding in which FCC terminated an inquiry into the adequacy of television service in the State of New Jersey. This, of course, is unlike the case before us.
 
 
 12
 In view of the foregoing, and after considering all arguments of the parties and intervenor American Broadcasting Companies, Inc., we are persuaded that FCC's denial of Hubbard's "package" of applications was, as a matter of substance, the exercise by FCC of its "radio-licensing power" reviewable under section 402(b); further, that to permit Hubbard to split off a part of the "package" in a transparent attempt to obtain jurisdiction in a forum other than the Court of Appeals for the District of Columbia, which has twice ruled against reclassifying KOB and WABC as directionalized stations on 770 kHz, would frustrate the clear intent of Congress that judicial review of all cases involving FCC's "radio-licensing power" be limited to the United States Court of Appeals for the District of Columbia.
 
 
 13
 Accordingly, we hold that this court does not have jurisdiction over this appeal.
 
 
 14
 The appeal is, therefore, dismissed.
 
 
 
 *
 The Honorable Jack R. Miller, Judge, United States Court of Customs and Patent Appeals, sitting by designation
 
 
 **
 The Honorable William R. Collinson, Senior District Judge, United States District Court for the Eastern and Western Districts of Missouri, sitting by designation
 
 
 [1]
 It should be noted that in March of 1981 Hubbard filed a package of "inextricably intertwined" applications (FCC's description) comprising its petition for rulemaking, its application for waiver of section 73.22 of FCC's rules, and its application for modification of Hubbard's construction permit to change the facilities of KOB to accommodate a Class I-A assignment
 
 
 [2]
 28 U.S.C. § 2342 provides that the court of appeals has exclusive jurisdiction to enjoin, set aside, suspend, or to determine the validity of all final reviewable orders of the FCC. 28 U.S.C. § 2343 provides that "(t)he venue of a proceeding under this chapter is in the judicial circuit in which the petitioner resides or has its principal office, or in the United States Court of Appeals for the District of Columbia Circuit." Hubbard's principal office is in St. Paul, Minnesota
 
 
 [3]
 Hubbard Broadcasting, Inc. v. FCC, 564 F.2d 600 (D.C.Cir.1977), cert. denied, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 59 (1978); Hubbard Broadcasting, Inc. v. FCC, 663 F.2d 220, 223 (D.C.Cir.1980)
 
 
 [4]
 Metropolitan Television Co. v. United States, 221 F.2d 879, 880 (D.C.Cir.1955). See Kessler v. FCC, 326 F.2d 673 (D.C.Cir.1963)
 
 
 [5]
 Tomah-Mauston Broadcasting Co. v. FCC, 306 F.2d 811, 812 (D.C.Cir.1962); Helena TV, Inc. v. FCC, 269 F.2d 30 (9th Cir. 1959)
 
 
 [6]
 Cook, Inc. v. United States, 394 F.2d 84, 87 (7th Cir. 1968)
 
 
 [7]
 WHDH, Inc. v. United States, 457 F.2d 559, 561 (1st Cir. 1972)