211 F.2d 644
 93 U.S.App.D.C. 399
 COLUMBIA BROADCASTING SYSTEM, INC. OF CAL.
v.
FEDERAL COMMUNICATIONS COMMISSION (Poole, Intervenor).
COLUMBIA BROADCASTING SYSTEM, INC. OF CAL.
v.
UNITED STATES et al.
 Nos. 11881, 11882.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 20, 1954.
Decided March 11, 1954.
 
 [93 U.S.App.D.C. 400] Mr. Ambrose Doskow, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Stanley M. Silverberg and Leon R. Brooks, Washington, D.C., were on the brief, for appellant in No. 11881 and petitioner in No. 1182.
 Mr. Stanley S. Neustadt, Counsel, Federal Communications Commission, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Charles H. Weston, Special Assistant to the Attorney General, Department of Justice, and J. Roger Wollenberg, Assistant General Counsel, Federal Communications Commission, Washington, D.C., were on the brief, for appellee in No. 11881 and respondents in No. 11882. Mr. Richard A. Solomon, Counsel, Federal Communications Commission, Washington, D.C., entered an appearance for appellee in No. 11881 and respondents in No. 11882.
 Mr. James A. McKenna, Jr., Washington, D.C., with whom Mr. Vernon L. Wilkinson, Washington, D.C., was on the brief, for intervenor in No. 11881 and No. 11882.
 Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 In March 1950, intervenor Poole applied for a permit to construct Station KBIG at Avalon, Santa Catalina Island, California. A public hearing was held and the permit was issued. No objection was interposed to the Commission's determination that the directional antenna included in KBIG's plans would protect Columbia Broadcasting System's Station KCBS,[1] which operates on the same frequency at San Francisco, and would preclude any overlap with the 25 mv/m contour[93 U.S.App.D.C. 401] of Station KMPC at Los Angeles. No review of the order granting the construction permit was sought by anyone. In due course, in May 1952, KBIG applied for a license to cover the permit and a request was made for program test authority. Again without objection, the Commission determined, on May 25, 1952, that the station had been constructed in accordance with the permit and granted the requested program test authority. Final action on the license application, however, was postponed pending submission of further data requested by the Commission. After this data had been submitted and while it was under study by the Commission as a preliminary to action on the license, Station KMPC advised the Commission that it had made an engineering study which revealed an overlap between its 25 mv/m contour and that of Poole's station.
 
 
 2
 In December 1952, more than six months after Poole had commenced operation of KBIG under the program test authority, CBS requested the Commission to designate the Poole license application for hearing. It charged that by reason of KBIG's interference with its normally protected contour, its license had been modified in violation of Sec. 316(a) of the Federal Communications Act, which bars modification without affording an opportunity for hearing.[2] Later, it also charged that the pattern of Poole's operation did not prove to be like that which had been predicted in the application for a construction permit and was therefore insufficient for issuance of program test authority. CBS requested either that Poole's program test authority be revoked or that operation thereunder be reduced in power. KMPC filed a formal petition at about the same time requesting similar relief.
 
 
 3
 The Commission found that a prima facie showing of an overlap with KMPC's 25 mv/m contour had been made, and, accordingly, ordered a hearing on the license application in accordance with Sec. 319(c)[3] of the Act to determine whether issuance was in the public interest. Since the Commission also found that a prima facie showing of interference with CBS's normally protected contour had been made, it designated this issue, as well as the overlap issue, for hearing to determine whether such interference was so objectionable that it required elimination in the public interest. The complaining stations were made parties and that hearing is now in progress before the Commission.
 
 
 4
 The Commission did not, however, grant CBS's request for relief which would have been comparable to what courts might allow upon a motion for a preliminary injunction. It refused to order either revocation or suspension of KBIG's program test authority or reduction of its power. It rested this part of its action on the fact that KBIG was constructed in accordance with a construction[93 U.S.App.D.C. 402] permit duly granted upon notice to and without objection from the complaining stations, and on the failure of these stations to allege such economic injury as would warrant the immediate relief requested. Challenging only this last-mentioned portion of the Commission's action, and being uncertain whether our review thereof is authorized by Sec. 402(a) or (b) of the Federal Communications Act,[4] CBS filed the present consolidated proceedings under each of these provisions.[5]
 
 
 5
 It is clear from our decision in Radio Station WOW v. Federal Communications Comm.[6] that, despite CBS's claim of modification of its license, the action challenged here does not involve an order reviewable under Sec. 402(b). Hence, the appeal filed under that subsection in Case No. 11881 will be dismissed. Our review is authorized by Sec. 402(a) which covers all Commission orders not included in Sec. 402(b).[7]
 
 
 6
 On the merits of this review, CBS relies heavily on Sec. 316(a), which bars modification of a license without a prior hearing. It argues, in substance, that this section (1) operates throughout the licensing process to preclude the Commission from authorizing operations that will result in objectionable interference to an existing station licensee, and (2) requires the Commission to halt operations that have been authorized whenever they cause such interference.
 
 
 7
 We think the licensing scheme contemplated by the Federal Communications Act supports no such broad claim for the effect of Sec. 316(a). That section bars issuance of a construction permit without a prior hearing where operation thereunder will result in objectionable interference to an existing station licensee.[8] But 'upon the completion of (a) station for the construction * * * of which a permit has been granted,' it is Sec. 319(c) which governs. Thus, where, as here, claims of objectionable interference and failure to conform to permit conditions were not advanced at the earlier stages provided therefor in the licensing process, they may properly be advanced in accordance with Sec. 319(c) as a 'cause or circumstance arising or first coming to the knowledge of the Commission since the granting of the permit (which) would, in the judgment of the Commission, make the operation of such station against the public interest * * * .' Pursuant to that section and upon the considerations of policy expressed in Sec. 316(a), the Commission may, as it did here, determine that a hearing is warranted upon the showing made. And any Commission determination adverse to CBS's claims in that hearing will, of course, be subject to judicial review.
 
 
 8
 We think it plain, however, that the fact that a hearing is ordered does not carry with it the corollary that interlocutory relief will follow. Pending such hearing, the Commission may, in its discretion, refuse to halt operations already in progress pursuant to authorizations made previously in the licensing process.[9] This discretion must, of course, be exercised upon equitable considerations and in the public interest. We think, contrary to CBS's contention, that the Commission properly exercised this discretion in denying CBS's request [93 U.S.App.D.C. 403] either to cancel KBIG's program test authority or to reduce its power pending the hearing now in progress.
 
 
 9
 Appeal dismissed in No. 11881;
 
 
 10
 Order affirmed in No. 11882.
 
 
 
 [1]
 The license was held in the name of Columbia Broadcasting System, Inc. of California, appellant-petitioner here, hereafter referred to as 'CBS.'
 
 
 [2]
 66 Stat. 718 (1952), 47 U.S.C.A. § 316(a), provides in pertinent part: 'Any station license or construction permit may be modified by the Commission * * * if in the judgment of the Commission such action will promote the public interest, convenience, and necessity, or the provisions of this Act * * * will be more fully complied with. No such order of modification shall become final until the holder of the license or permit shall have been notified in writing of the proposed action and the grounds and reasons therefor, and shall have been given reasonable opportunity, in no event less than thirty days, to show cause by public hearing, if requested, why such order of modification should not issue * * * .'
 
 
 [3]
 66 Stat. 718 (1952), 47 U.S.C.A. § 319(c), provides in pertinent part: 'Upon the completion of any station for the construction or continued construction of which a permit has been granted, and upon it being made to appear to the Commission that all the terms, conditions, and obligations set forth in the application and permit have been fully met, and that no cause or circumstance arising or first coming to the knowledge of the Commission since the granting of the permit would, in the judgment of the Commission, make the operation of such station against the public interest, the Commission shall issue a license to the lawful holder of said permit for the operation of said station. * * * '
 
 
 [4]
 48 Stat. 1093 (1934), 47 U.S.C. § 402(a)(1946), as amended, 66 Stat. 718 (1952), 47 U.S.C.A. § 402(a); 48 Stat. 1093 (1934), as amended, 66 Stat. 718 (1952), 47 U.S.C.A. § 402(b)
 
 
 [5]
 KMPC sought neither review on its own nor intervention herein
 
 
 [6]
 1950, 87 U.S.App.D.C. 226, 184 F.2d 257
 
 
 [7]
 The scope of the review under these provisions is the same. They involve somewhat different procedures for review not significant here
 
 
 [8]
 Federal Communications Comm. v. National Broadcasting Co., 1943, 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374; L.B. Wilson, Inc. v. Federal Communications Comm., 1948, 83 U.S.App.D.C. 176, 180-186, 170 F.2d 793, 798-803
 
 
 [9]
 Cf. American Broadcasting Co. v. Federal Communications Comm., 1951, 89 U.S.App.D.C. 298, 191 F.2d 492