**HELENA TV, INC., a Montana corporation, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, an Executive Agency of the United States, and United States of America, Respondents.**

No. 16524.

United States Court of Appeals
Ninth Circuit.

Aug. 5, 1959.

Luxan & Scribner, A. W. Scribner, Helena, Mont., Smith & Pepper, E. Strat-

ford Smith, Washington, D. C., for petitioner.

Max Paglin, Associate Gen. Counsel, F.C.C., Washington, D. C., Richard A. Solomon, Atty., Dept. of Justice, Washington, D. C., for respondents.

Burton K. Wheeler, Washington, D. C., for Capital City Television, Inc., interveners.

Arthur Blooston, Washington, D. C., for Montana Microwave, interveners.

Before BARNES, HAMLEY, and JERTBERG, Circuit Judges.

PER CURIAM.

Helena TV, Inc., a Montana corporation which has its principal place of business in the Ninth Judicial Circuit, having brought this proceeding to review an order of the Federal Communications Commission; and it appearing that petitioner relies upon section 402(a) of the Communications Act, 47 U.S.C.A. § 402(a), as conferring jurisdiction upon this court to entertain the proceeding; and the Commission having moved to dismiss the proceeding for want of jurisdiction upon the ground that such a proceeding as this may be brought only under section 402 (b) of the act, 47 U.S.C.A. § 402(b), with regard to which the United States Court of Appeals for the District of Columbia has exclusive jurisdiction; and the motion to dismiss having been submitted on briefs and oral argument; and it appearing that the Commission order sought to be reviewed herein is ancillary to a protest proceeding pending before the Commission in which the United States Court of Appeals for the District of Columbia has already had occasion to act and may again be required to act; and it appearing that the review of Commission orders entered in protest proceedings of the kind here involved and concerning which the order here sought to be reviewed is ancillary is cognizable only under section 402(b) of the act; and it further appearing that this court has no jurisdiction in section 402(b) proceedings, Now Therefore, it is

Ordered that the order of this court entered herein on July 8, 1959, temporarily staying the Commission's order of June 24, 1959, be and the same is hereby vacated; and it is further

Ordered that the order of this court entered herein on July 8, 1959, requiring the Commission to show cause why an interlocutory injunction should not be entered restraining enforcement of the Commission order of June 24, 1959, pending disposition of this proceeding, be and the same is hereby discharged; and it is further

Ordered that this review proceeding be and the same is hereby dismissed for want of jurisdiction; and it is further

Ordered that the mandate herein be issued forthwith.