**TOMAH–MAUSTON BROADCASTING CO., Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**John D. Rice, Intervenor.**

**No. 16678.**

United States Court of Appeals District of Columbia Circuit.

Argued April 5, 1962.

Decided July 12, 1962.

———◆———

Mr. William P. Bernton, Washington, D. C., for appellant.

Mr. Richard M. Zwolinski, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, Gen. Counsel, and Daniel R. Ohlbaum, Asst. Gen. Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Mark E. Fields, Washington, D. C., with whom Mr. Samuel Miller, Washington, D. C., was on the brief, for intervenor.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

The Federal Communications Commission on November 22, 1960, granted a construction permit to John D. Rice to build a new AM radio broadcast station at Mauston, Wisconsin. Some seven months later, appellant Tomah-Mauston Broadcasting Co., Inc., which operates a radio station in Tomah, Wisconsin, filed a petition to stay and revoke Rice's construction permit. On September 13, 1961, the Commission denied the petition. Appellant thereupon filed this appeal, relying on Section 402(b) of the Communications Act of 1934, as amended, 47 U.S.C.A. § 402(b).[1]

1. Section 402(b) provides as follows:
   "Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

   "(1) By any applicant for a construction permit or station license, whose application is denied by the Commission.

   "(2) By any applicant for the renewal or modification of any such instrument of authorization whose application is denied by the Commission.

■ The Commission urges that the appeal be dismissed for lack of jurisdiction, as being outside any of the classes of appeals permitted under Section 402 (b). But we think the Commission reads the statute too strictly. Senate Report No. 44 on S. 658, 82nd Cong., 1st Sess. (1951)—the bill which became the Communications Act Amendments, 1952—states that the amended language of Section 402(b) was intended to "make clear that judicial review of all cases involving the exercise of the Commission's radio-licensing power is limited to that court," referring to this court, the United States Court of Appeals for the District of Columbia Circuit. The present case comes within that broad category. In our view, having regard to the legislative purpose,[2] the Commission's order should be considered an order "ancillary" to the grant of a construction permit, and is reviewable under Section 402(b) (6), in line with our decisions in Metropolitan Television Co. v. United States, 95 U.S.App.D.C. 326, 221 F.2d 879 (1955); Federal Broadcasting System, Inc. v. Federal Communications Commission, 99 U.S.App.D.C. 320, 239 F.2d 941 (1956); and Gerico Investment Co. v. Federal Communications Commission, 99 U.S.App.D.C. 379, 240 F.2d 410 (1957).

The Commission relies on our earlier decisions in Radio Station WOW, Inc. v. Federal Communications Commission, 87 U.S.App.D.C. 226, 184 F.2d 257 (1950), and Columbia Broadcasting System of Cal. v. Federal Communications Commission, 93 U.S.App.D.C. 399, 211 F.2d 644 (1954). But those cases dealt with an attempt to modify the authorization of a station already operating and on the air. Here the appellant sought to have the intervenor's construction permit revoked before intervenor could commence operations. Our order in No. 11,635, Peoples Broadcasting Co. v. Federal Communications Commission, entered on August 3, 1953, is also distinguishable, in that the orders there sought to be reviewed did not grant or deny an application. Cf. our decision in No. 11,626, Peoples Broadcasting Co. v. United States, 93 U.S.App.D.C. 78, 209 F.2d 286 (1953). We also note that in the present case the Commission considered appellant's petition on the merits, so that its order denying the petition was in substance a re-affirmation of its earlier grant.

■■ On the merits of the case, our holding is adverse to appellant. Its principal contention is that John D. Rice had conspired with Jack L. Goodsitt and others to delay the Commission's grant of appellant's application for a license to

"(3) By any party to an application for authority to transfer, assign, or dispose of any such instrument of authorization, or any rights thereunder, whose application is denied by the Commission.

"(4) By any applicant for the permit required by section 325 of this title whose application has been denied by the Commission, or by any permittee under said section whose permit has been revoked by the Commission.

"(5) By the holder of any construction permit or station license which has been modified or revoked by the Commission.

"(6) By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in paragraphs (1)–(4) of this subsection.

"(7) By any person upon whom an order to cease and desist has been served under section 312 of this title.

"(8) By any radio operator whose license has been suspended by the Commission."

2. A holding that we lack jurisdiction under Section 402(b) would mean that any proceeding attacking an order of the sort here challenged would be brought pursuant to Section 402(a) of the Act, which is applicable to any order of the Commission except those appealable under Section 402(b). Proceedings under Section 402(a) are regulated by the Administrative Orders Review Act of 1950, 5 U.S.C.A. § 1031 et seq. Under Section 3 of the latter Act, venue of any such proceeding is not limited to this court. See 5 U.S.C.A. § 1033.

operate a radio station in Tomah, Wisconsin, and that the Commission should have revoked Rice's construction permit for that reason. Most of appellant's allegations in this regard were aired at a hearing on a protest filed by appellant against the grant to Goodsitt of a new station at Tomah. The protest was denied by the Commission. Jack L. Goodsitt, 18 Pike & Fischer, R.R. 272 (1960). No appeal was taken from the order of denial. To a substantial extent, therefore, appellant's contentions are barred as res judicata. Seatrain Lines, Inc. v. Pennsylvania R. Co., 207 F.2d 255, 259 (3d Cir. 1953). Appellant's allegations as to the events occurring after the Goodsitt decision are not sufficient, in our view, to lead us to hold that the Commission abused its discretion in declining to hold a further hearing on appellant's petition, or to take action against Rice under Section 312(a) of the Communications Act, 47 U.S.C.A. § 312(a).[3]

The Commission's order will accordingly be

Affirmed.

DANAHER, Circuit Judge.

I agree that this appellant may not prevail, but I would dismiss.

My colleagues seem to find important that the appellant sought to have the intervenor's construction permit revoked "before intervenor could commence operations."[1] In my view, whether the intervenor did or did not properly comply with the conditions becomes a problem for the Commission under section 319 of the Act. That the intervenor had not commenced operations, in my view, has nothing to do with the jurisdictional issue.

It is the fact that the appellant sought to cause the Commission to invoke its revocation authority. Had it done so, the Commission would have been bound to proceed under section 312 in a proceeding where the introduction of evidence and the burden of proof would have been on the Commission. If the Commission after a section 312 hearing had revoked the intervenor's permit, the intervenor would have been entitled to appeal under section 402(b) (5) which accords that right to "the holder of any construction permit or station license which has been modified or revoked by the Commission."

My colleagues rely upon section 402(b) (6), although that section specifically and expressly affords a right of review to a person who is aggrieved or whose interests are adversely affected "by any order of the Commission granting or denying any application described in paragraphs (1)-(4) of this subsection." I fail to see how those paragraphs, so particularized, accord any right to a person who sought to cause the Commission to institute revocation proceedings against a licensee.

The appellant here sought section 402(b) relief when in reality the proceeding was nothing short of one "to enjoin, set aside, annul * * * [an] order of the Commission * * *." Thus, the appellant should have proceeded under section 402(a) which, it seems to me, is expressly applicable here. Since action had not been sought within sixty days— nor against the United States—this appeal should be dismissed.

---

**3.** One of the subsequent events was appellant's acquisition, by assignment, of Goodsitt's construction permit for a station at Tomah.

**1.** Cf. Radio Station WOW, Inc. v. Federal Communications Commission, 87 U.S.App.D.C. 226, 184 F.2d 257 (1950).