**VALLEY VISION, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 21063.**

United States Court of Appeals
District of Columbia Circuit.

Sept. 6, 1967.

1. 77 STAT. 132 (1963), 45 U.S.C. § 157 (1964).

2. 45 U.S.C. § 157 (1964).

Messrs. Lauren A. Colby and Gennaro Caliendo, Washington, D. C., were on appellant's motion to dismiss.

Messrs. Henry Geller, Gen. Counsel, John H. Conlin, Associate Gen. Counsel, and Robert D. Hadl, Counsel, F. C. C., were on appellee's answer to the motion to dismiss. Mrs. Leonore G. Ehrig, Counsel, F. C. C., also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT, and LEVENTHAL, Circuit Judges.

PER CURIAM:

The Federal Communications Commission ordered appellant to cease and desist from the continued carriage of "distant signals" on its CATV system in Placerville, California. Prior to noting an appeal in this Court under § 402(b) of the Communications Act,[1] appellant instituted an appeal in the Court of Appeals for the Ninth Circuit under § 402(a) challenging the same decision of the Commission. The Ninth Circuit has issued an interlocutory injunction staying the effectiveness of the Commission's order. Appellant now requests that we dismiss his appeal so that he may prosecute the entire matter in the Ninth Circuit.

We do not dismiss but yield *sua sponte* to the Congressional intent that an administrative action be reviewed only by the Court of Appeals in which proceedings were first instituted. 28 U. S.C. § 2112(a).[2] We do so despite our belief that the District of Columbia Circuit has exclusive jurisdiction to review the challenged order. The Federal Communications Commission has the power to issue cease and desist orders pursuant to § 312 of the Communications Act to enjoin violations of the CATV regulatory scheme. See Buckeye Cablevision, Inc. v. Federal Communications Commission, U.S.App.D.C. (No. 20,274 decided June 30, 1967); *contra*, Southwestern Cable Co. v. United States, 378 F.2d 118 (9th Cir., decided April 28, 1967). Under § 402(b) (7) the Court of Appeals for the District of Columbia Circuit has exclusive jurisdiction to review Federal Communications Commission cease and desist orders.[3]

To avoid any possibility of misunderstanding, our action today transferring the appeal to the Court of Appeals for the Ninth Circuit is in deference to § 2112 (a) and the need for avoiding unseemly conflict, and does not signal that we are receding from our view that the case properly belongs in the District of Columbia Circuit.

It is so ordered.

WILBUR K. MILLER, Senior Circuit Judge, did not participate in the foregoing opinion.

---

1. 48 Stat. 926 (1934), as amended, 47 U.S.C. § 402(a) (1964).

2. See Eastern Air Lines, Inc. v. CAB, 122 U.S.App.D.C. 375, 354 F.2d 507 (1965); Ball v. NLRB, 299 F.2d 683 (4th Cir.), cert. denied, 369 U.S. 838, 82 S.Ct. 868, 7 L.Ed.2d 843 (1962).

3. See, *e. g.*, Tomah-Mauston Broadcasting Co. v. FCC, 113 U.S.App.D.C. 204, 306 F.2d 811 (1962); Functional Music, Inc. v. FCC, 107 U.S.App.D.C. 34, 274 F.2d 543 (1958), cert. denied, 361 U.S. 813, 80 S.Ct. 50, 4 L.Ed.2d 81 (1959). *Cf.* Helena TV, Inc. v. FCC, 269 F.2d 30 (9th Cir. 1959).