COOK, INC., Petitioner,

v.

UNITED STATES of America and Federal Communications Commission, Respondents,

White River Radio Corporation and Bloomington Broadcasting Company, Intervenors.

No. 16496.

United States Court of Appeals Seventh Circuit.

May 3, 1968.

Robert A. Marmet, Peter L. Koff, Washington, D. C., for petitioner.

Michael H. Bader, Lois P. Siegel, Lauren A. Colby, Washington, D. C., for intervenors.

Howard E. Shapiro, Asst. Atty. Gen., Dept. of Justice, Henry Geller, John H. Conlin, Lenore G. Ehrig, Joseph A. Marino, Washington, D. C., for respondents.

Before DUFFY, Senior Circuit Judge, and KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Petitioner, Cook, Inc., seeks to review and set aside an order of respondent Commission returning Cook's application for a new standard radio broadcasting

station license for operation at Elletsville, Indiana; and an order denying Cook's petition for Commission reconsideration of the order returning the application. White River Radio Corporation and Bloomington Broadcasting Company have intervened. We think sole jurisdiction of Cook's petition is in the District of Columbia Court of Appeals, and we accordingly sustain the Commission's motion to dismiss Cook's appeal in this court.

On July 8, 1965, the Commission, pursuant to its rules,[1] gave public notice of the filing of several applications, for new radio broadcasting stations, which were ready and available for administrative processing. The Commission, in the notice, set August 17, 1965, as the cut-off date before which potential applicants must file applications, if their applications involved an engineering conflict with any application listed in the public notice or with any other application on file at the close of business on the cut-off date.

Intervenor Bloomington's application was filed on August 17, 1965, the cut-off date. On September 9, 1965, Cook tendered its application for a license, which involved a conflict with the Bloomington application. The application being late, Cook requested waiver of the Commission cut-off rule. Bloomington moved to dismiss Cook's application as untimely and as presenting no reason for waiver. On March 16, 1967, the Commission sustained Bloomington's motion and returned the Cook application as unacceptable.

On February 15, 1967, the Commission published another list of applicants and set March 30, 1967, as the cut-off date. Two of the applications on this list conflicted with Cook's application, although

neither conflicted with the Bloomington application. Cook again tendered its application, and on April 17 petitioned for reconsideration of the Commission's March 16 return order. White River, an applicant whose name appeared on the list published on February 15, and Bloomington, opposed the filing of Cook's application. On October 3, 1967, the Commission denied reconsideration on the earlier return order and again returned the application. This petition to review followed.

The provisions for judicial review of decisions of the Federal Communications Commission are found in 47 U.S.C. Sec. 402. Section 402(a) is the general review section providing for judicial review of Commission decisions by the courts in accordance with the provisions of 28 U.S.C. Secs. 2341–2350. Section 402(b), however, provides that "Appeals may be taken from * * * the Commission to the United States Court of Appeals for the District of Columbia" in certain classes of cases involving the Commission's exercise of its radio licensing power.

This court's jurisdiction to entertain Cook's petition for review is challenged by the Commission and intervenors on the ground that the orders which Cook seeks to overturn fall within the scope of Sec. 402(b) and therefore may be reviewed only by the Court of Appeals for the District of Columbia.[2]

The Commission's position is that Secs. 402(a) and 402(b) are mutually exclusive; and that the latter section pertains to orders of the Commission with respect to its radio licensing powers, lodging exclusive jurisdiction to review those orders in the Court of Appeals for the District of Columbia. The Commission relies upon the legislative

---

1. Sec. 1.227(b) (1), and 1.591(b) of the Rules of the Commission.

2. The Commission's brief (fn. 5) states that Cook's counsel was advised "at the outset" that the District of Columbia Court had exclusive jurisdiction over the orders and that it would challenge the jurisdiction of this court; and that petitioner filed no "timely appeal" in the District of Columbia Court. Petitioner's reply brief states it was not so advised until the last day for filing in the District of Columbia Court. Petitioner's appeal for review to the District of Columbia Court was dismissed as untimely November 22, 1967.

history of the Communications Act and several court of appeals decisions to support its contention.

The Radio Act of 1927, 44 Stat. 1169, established the Federal Radio Commission and expressly provided that "any applicant" whose application for a construction permit was denied "shall have the right to appeal * * * to said Court of Appeals of the District of Columbia." Although the language of this provision has been modified by Congress over the years until it has evolved into the present Sec. 402(b), courts have consistently held that the Court of Appeals for the District of Columbia has exclusive jurisdiction over cases that fall within the scope of the provision. Sykes v. Jenny Wren Co., 64 App.D.C. 379, 78 F.2d 729, 732, 104 A.L.R. 864; Black River Valley Broadcasts v. McNinch, 69 App.D.C. 311, 101 F.2d 235, 238. In American Bond & Mortgage Co. v. United States, 7 Cir., 52 F.2d 318, this court recognized that 402(b) of the 1934 Act [3] lodged exclusive jurisdiction of 402(b) orders in the District of Columbia Circuit.

■ In its report on the 1952 amendment of Sec. 402 of the Act, the Senate Committee plainly stated that appeals from orders of the Commission in exercising its "licensing powers" must be taken to the District of Columbia Circuit.[4] All other orders fall within the general coverage of Sec. 402(a). Columbia Broadcasting System v. Federal Communications Commission, 93 U.S. App.D.C. 399, 211 F.2d 644.[5] Sections 402(a) and (b) are mutually exclusive.

Functional Music, Inc. v. FCC, 107 U.S. App.D.C. 34, 274 F.2d 543, 547; Rhode Island Television Corporation v. FCC, 116 U.S.App.D.C. 40, 320 F.2d 762, 765.

■ Neither a Commission order returning an application nor a Commission order denying reconsideration of a return order is specified in the categories listed in Sec. 402(b). However, the District of Columbia Court of Appeals in Metropolitan Television Co. v. United States, 95 U.S.App.D.C. 326, 221 F.2d 879, treated orders denying protests and orders denying rehearing as reviewable under 402(b), although neither is specified in that Section. The Ninth Circuit in Helena TV, Inc. v. FCC, 269 F.2d 30, declined to entertain jurisdiction over a petition to review a Commission order which was "ancillary to a protest proceeding" pending before the Commission in which the District of Columbia Circuit had already acted, on the ground that sole jurisdiction was in the District of Columbia Circuit.

In Tomah-Mauston Broadcasting Co. v. FCC, 113 U.S.App.D.C. 204, 306 F.2d 811, the District of Columbia court decided that it had sole jurisdiction under 402(b) to review an order denying a petition to stay and revoke a construction permit for a new broadcasting station. The court, in the light of the legislative purpose, considered the order "ancillary" to the grant of the construction permit. The District of Columbia Circuit in Kessler v. FCC, 117 U.S.App.D.C. 130, 326 F.2d 673, asserted jurisdiction over appeals from an order of the Commission refusing to accept applications of the

---

3. Sec. 402(b), Communications Act of 1934:

(b) An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, whose application is refused by the Commission.

(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application.

4. "The language of this subsection, when considered in relation to that of subsection (a), also would make it clear that judicial review of all cases involving the exercise of the Commission's radio licensing power is limited to that court." SR No. 44, 82nd Cong. 1st Sess., p. 10.

5. See 28 U.S.C. § 2347.

appellants. In fn. 4, 326 F.2d p. 679, the court agreed with the position of the Commission that the orders of the Commission were reviewable only under 402(b).[6]

We think the orders before us are "ancillary" to an exercise of the Commission's "licensing power," since Cook's application was returned because it was filed after a cut-off date which was set by the Commission in order that the Commission be enabled to exercise its licensing power efficiently and expeditiously. The orders are therefore reviewable only under Sec. 402(b). Tomah-Mauston Broadcasting Co. v. FCC, 113 U.S.App.D.C. 204, 306 F.2d 811; Helena TV, Inc. v. FCC, 9 Cir., 269 F.2d 30.

Cook seeks to restrict the meaning of the term "ancillary" to the meaning of the term "subordinate" and argues that since there has been no license granted or denied in the proceeding before us, the orders entered cannot be considered subordinate to an exercise of licensing power. We see no need, however, to decide whether an order is "ancillary" only when it is "subordinate," as that term is used by Cook.[7]

The legislative history of Secs. 402(a) and (b) demonstrates that Congress intended that the type of order appealed from by Cook be reviewable only by the Court of Appeals for the District of Columbia. The Communications Act of 1934 which created the Federal Communications Commission also included provisions for judicial review of orders of the Commission. Section 402(b) of that Act was substantially the same as the current Sec. 402(b) despite the fact that the wording of the Section has been modified for the purpose of clarity. Section 402(b) of the 1934 Act was intended to limit all appeals, taken by applicants for radio licenses from rulings by the Commission, to the Court of Appeals for the District of Columbia.[8]

■ In this case Cook came to the Commission and applied for a license for a radio station. The Commission issued an order refusing to consider the application and Cook seeks to appeal the Commission's order. The return orders are in aid of and within the exercise of the Commission's licensing power, and Congress intended that appeals from such orders be limited to the District of Columbia Circuit. The petition for review in this court therefore must be rejected for want of jurisdiction.

Appeal dismissed.

6. In the *Kessler, Rhode Island,* and *Functional* cases, the appellants, out of caution, filed appeals under both Secs. 402 (a) and (b). Cook also filed an appeal with the District of Columbia Circuit, but it was rejected because filed too late.

7. Webster's New International Dictionary, Second Edition, Unabridged: "ancillary * * * 2. *Law.* Designating * * * a * * * proceeding * * * that is subordinate to, or in aid of, another primary or principal one; * * * "

8. Senator Dill, who guided the bill in the Senate, stated that " * * * in the case where the applicant for the license * * * comes to the Commission and asks for * * * a new license, then if the Commission makes a decision from which he desires to appeal he must make his appeal in the District of Columbia." 78 Cong.Rec. 8826. The Senator also indicated when an order involving radio licensing would be permitted under 402 (a), stating "that where the decisions of the Commission are made in cases wherein the stations took no part in beginning the suits, appeal may be taken * * * [under 402(a)]."

The Senate Report on the 1934 bill reaffirms Senator Dill's view. The Committee states that

"Where a licensee desires to appeal from orders of the Commission affecting his interest, but which he did not originate, he may file his appeal in the three-judge district court in the jurisdiction where he lives. In those cases where he has applied to the Commission for an order and desires to appeal from the Commission's action, he must come to Washington, D.C., to prosecute his appeal, just as he came to Washington to ask for the order."