**WHDH, INC., Petitioner,**

v.

**UNITED STATES of America,**

and

**Federal Communications Commission, Respondents,**

**Boston Broadcasters, Inc., Intervenor.**

**No. 72–1031.**

United States Court of Appeals, First Circuit.

Heard Feb. 24, 1972.

Decided March 1, 1972.

Edward J. Kuhlmann, Counsel, Washington, D. C., with whom John W. Pettit, Gen. Counsel, Joseph A. Marino, Counsel, and Howard F. Shapiro, Atty., Washington, D. C., were on motion to dismiss for F. C. C. and the United States.

Donald E. Ward, Washington, D. C., with whom Benito Gaguine, Fly, Shuebruk, Blume & Gaguine, Washington, D. C., Hiller Zobel, and Brown, Rudnick, Freed & Gesmer, Boston, Mass., were on motion to dismiss for Boston Broadcasters, Inc.

William J. Dempsey, Washington, D. C., in opposition to motions to dismiss for WHDH, Inc.

Before McENTEE and COFFIN, Circuit Judges, and CAFFREY *, District Judge.

COFFIN, Circuit Judge.

WHDH, Inc., owner of television station WHDH–TV, has petitioned this court for review, and a stay pending review, of a Federal Communications Commission order of February 2, 1972, which denied WHDH's petition to revoke or suspend an earlier FCC order of January 21, 1972. While other matters were covered by this earlier order, including the termination of WHDH's operating authority, effective March 19, 1972, WHDH deems itself, for purposes of this appeal, restricted [1] to attacking only that part of the order which granted program test authority (PTA) to Boston Broadcasters, Inc. (BBI), owner of station WCVB–TV. Its present position is that the FCC acted arbitrarily and without authority in authorizing PTA without first fully considering certain affidavits and documentary evidence allegedly demonstrating that BBI lacks the qualifications to be a television station licensee and without finding that the public interest would be served by permitting BBI to operate under PTA pending determination of its qualifications.

Our jurisdiction to deal with this challenge depends on what part of 47 U. S.C. § 402 applies. Since § 402(a) is a residual category, we have jurisdiction only if § 402(b) does *not* apply, such matters having been exclusively assigned to the Court of Appeals for the District

---

* Sitting by designation

[1]. A comparative hearing resulted in the granting of BBI's application and the denial of WHDH's renewal application for Channel 5 in 1969, affirmed in Greater Boston Television Corp. v. F.C.C., 143 U.S.App.D.C. 383, 444 F.2d 841, cert. denied, 403 U.S. 923, 91 S.Ct. 2233, 29 L. Ed.2d 701 (1971). A construction permit was then issued to BBI, but, charges of securities law violations having been brought against a principal of BBI, the FCC requested the D.C. Circuit Court of Appeals to recall its mandate to permit the FCC to consider whether to re-

open the comparative proceeding. This was denied in Greater Boston Television Corp. v. F.C.C., Nos. 17,785; 17,788; 23,154; 23,159, 23,172 (D.C.Cir., Dec. 29, 1971). Interim separation of the principal from BBI's management is required, pending final action on BBI's application for license. WHDH has conceded, for purposes of this proceeding, that it is not seeking a reopening of the comparative proceeding nor a "rectification" of FCC action in granting BBI's application for a construction permit and denying WHDH's application for renewal of license.

of Columbia Circuit.[2] The FCC and BBI contend that this is an appeal by a "person . . . whose interests are adversely affected by [an] order of the Commission granting . . . [an application]" [§ 402(b) (6)] "for a . . . station license . . .." [§ 402(b) (1)]. The legal question posed is whether program test authority, if not a license itself,[3] is nevertheless "ancillary" to the exercise of FCC licensing power, *cf.* Tomah-Mauston Broadcasting Co. v. F.C.C., 113 U.S.App.D.C. 204, 306 F.2d 811, 812 (1962), or "in aid of and within the exercise of the Commission's licensing power". Cook, Inc. v. United States, 394 F.2d 84, 87 (7th Cir. 1968).

Program test authority is a step short of the granting of a station license. It follows "completion of construction of a television broadcast station in accordance with the terms of the construction permit"; it is issued only "when an application for station license has been filed showing the station to be in satisfactory operating condition"; it continues, subject to suspension or revocation, "during Commission consideration of the application for license" and is "automatically terminated by final determination upon the application for station license". 47 CFR 73.629. It is difficult for us to conceive of any FCC action more intimately associated with the exercise of its licensing powers than this penulti-

mate stage. It is even more difficult for us to countenance the plight of the FCC and private parties, if review of an order granting or denying a station license were to lodge in the D.C. Circuit Court of Appeals while another court were, at the same time, to be reviewing a grant or denial of program test authority.

WHDH relies on Columbia Broadcasting Sys. of California v. F.C.C., 93 U.S. App.D.C. 399, 211 F.2d 644 (1954), for the proposition that an appeal challenging a grant of PTA is cognizable only under § 402(a). While that case did involve an effort to revoke program test authority which had been in effect for some six months, the relevant holding was *not* that anything dealing with PTA was a § 402(a) matter but that CBS could not make a § 402(b) claim as a person aggrieved by a modification of its license. This is made manifest by the court's citation of Radio Station WOW v. F.C.C., 87 U.S.App.D.C. 226, 184 F.2d 257 (1950), involving an attempt to modify a long standing license of Star Broadcasting Company by WOW, which claimed objectionable interference. The court said, "Quite clearly, we think, the 'applicant . . . for modification of an existing radio station license' referred to in the statute is the owner of the license." 184 F.2d at 259. In other words, the issue in

---

Section 402 provides in part:

2. "(a) Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in [the Administrative Procedure Act].

(b) Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

(1) By any applicant for a construction permit or station license whose application is denied by the Commission.

\* \* \* \* \*

(6) By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any applica-

tion described in paragraphs (1), (2), (3), and (4) hereof."

3. Indeed, it could be argued that PTA falls within the general purpose definition of "station license" in 47 U.S.C. § 153: "That instrument of authorization required by this chapter or the rules and regulations of the Commission made pursuant to this chapter, for the use or operation of apparatus for transmission of . . . communications . . . by whatever name the instrument may be designated by the Commission." Apparently, however, the Commission itself has opted for a more restrictive meaning by specifying that "The granting of program test authority shall not be construed as approval by the Commission of the application for station license." 47 CFR 73.629(e).

*CBS* (and *WOW*) was not the type of authority exercised by FCC, but whether CBS could bring itself within the "person aggrieved" language of § 402(b) (6), in circumstances where there was "an attempt to modify the authorization of a station already operating and on the air." Tomah-Mauston Broadcasting Co. v. F.C.C., *supra*, 306 F.2d at 812. Or to put it differently, a station upset by operations under a prior-issued PTA or license cannot create jurisdiction under § 402(b) simply by asking the FCC for a ruling apart from a licensing hearing. Here, WHDH has not been a stranger; it is not seeking to revise a long standing order in which it originally manifested no interest. It has fully participated in all these lengthy proceedings. They have culminated in an order which contemporaneously grants PTA to its rival and divests it of broadcast authority. It is incontestably aggrieved by favorable FCC action accorded an applicant and falls squarely within the description of a § 402(b) (6) litigant.

The petition for review is dismissed for lack of jurisdiction and the petition for stay pending review is dismissed as moot.