**Herbert L. RIPPE, Petitioner,**

v.

**The FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

**No. 74–2117.**

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 9, 1976.

Decided Jan. 9, 1976.

---

David E. Gebhart, Cincinnati, Ohio, for petitioner.

Vergil W. Tacy, Legal Advisory and Enforcement Div., F. C. C., Washington, D.C., William W. Milligan, U. S. Atty., Cincinnati, Ohio, for respondents.

On PETITION to Review an Order of the Federal Communications Commission.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Herbert L. Rippe, a resident of Cincinnati, Ohio, filed an application with the Federal Communications Commission for licenses in the Amateur Radio Service. The application was denied by the Commission. Rippe thereupon filed a petition in this Court to enjoin, set aside, annul and suspend the Commission's order.

The Commission has filed a motion to dismiss the petition on the ground that exclusive jurisdiction is in the United States Court of Appeals for the District of Columbia.

Judicial review of decisions of the Commission is provided by 47 U.S.C. § 402. In the words of then Circuit Judge Warren E. Burger, this statute sets forth two " ' . . . mutually exclusive' paths of judicial review" of Commission actions. *Rhode Island Television Corp. v. FCC*, 116 U.S.App.D.C. 40, 320 F.2d 762, 766 (1963). Section 402(b) enumerates categories of decisions and orders relating to radio licensing actions, including denial of applications for licenses, and provides for appellate jurisdiction over these actions in the Court of Appeals for the District of Columbia. The denial of the application in the present case falls under § 402(b). The courts "have consistently held that the Court of Appeals for the District of Columbia has exclusive jurisdiction over cases that fall within the scope of the provision," i. e. § 402(b). *Cook, Inc. v. United States*, 394 F.2d 84, 86 (7th Cir. 1968). See also *WHDH, Inc. v. United States*, 457 F.2d 559 (1st Cir. 1972); *Valley Vision, Inc. v. FCC*, 399 F.2d 511 (9th Cir. 1968).

We conclude that this Court is without jurisdiction in the matter and that the motion to dismiss is well taken.

Upon motion of petitioner, this case will be transferred to the Court of Appeals for the District of Columbia. The petitioner is allowed thirty days from the filing of this per curiam opinion to file such a motion. If a motion to transfer is not filed by petitioner within the time herein specified, the motion to dismiss will be granted and the case will be dismissed. No costs are taxed.