**STATE OF MINNESOTA, BY its Attorney General, Warren SPANNAUS, Plaintiff,**

v.

**A. Daniel O'NEAL, Chairman, Interstate Commerce Commission, Betty Jo Christian, Vice Chairman, Interstate Commerce Commission, Virginia Mae Brown, Rupert Murphy, George M. Stafford, Robert C. Gresham, Charles L. Clapp, Members, Interstate Commerce Commission, Nancy L. Wilson, Acting Secretary, Interstate Commerce Commission, the Interstate Commerce Commission, an agency of the Government of the United States of America, and The United States of America, Defendants.**

No. 3–78 Civ. 311.

United States District Court,
D. Minnesota,
Third Division.

Jan. 11, 1979.

Warren Spannaus, Atty. Gen., State of Minnesota, by Frederick S. Suhler, Jr., Special Asst. Atty. Gen., St. Paul, Minn., for plaintiff.

Andrew W. Danielson, U. S. Atty., by Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for defendant the United States of America.

Ellen K. Schall, Washington, D.C. for defendant Interstate Commerce Commission and its members.

## MEMORANDUM ORDER

ALSOP, District Judge.

The above-entitled matter came on for hearing before the court on December 15, 1978 upon the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter. In its complaint, plaintiff seeks to permanently enjoin the defendants from initiating further proceedings in certain matters pending before the Interstate Commerce Commission (hereinafter Commission) for decision, identified as Docket Numbers AB–1 (Sub-No. 58); AB–1 (Sub-No. 59); AB–7 (Sub-No. 61F), or deciding the same; until an environmental impact statement has been prepared by the Commission.

This court denied plaintiff's motion for a preliminary injunction in the matter in an order dated September 8, 1978, and issued a Memorandum Opinion on November 1, 1978.

Plaintiff also moved to compel defendant to answer certain interrogatories that it propounded. That matter came on for hearing before United States Magistrate McPartlin on November 28, 1978. In an order dated December 4, 1978, Magistrate McPartlin denied plaintiff's motion.

## FACTUAL ALLEGATIONS

1. Docket No. AB–1 (Sub-No. 58) is the application of the Chicago and North Western Transportation Company (hereinafter C&NW) to abandon its 39-mile line of railroad between Currie and Bingham Lake in Cottonwood and Murray Counties, Minnesota (hereinafter the Bingham Lake Line).

2. Docket No. AB–1 (Sub-No. 59) is the application of the C&NW to abandon its 37-mile line of railroad between Heron Lake and Lake Wilson in Jackson, Nobles and Murray Counties, Minnesota (hereinafter the Heron Lake Line).

3. Docket No. AB–7 (Sub-No. 61F) is the application of Stanley E. G. Hillman, Trustee of the Property of the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (hereinafter the Milwaukee Road) to abandon the 98-mile line between Jackson, Minnesota and Egan, South Dakota in Jackson, Nobles, Murray and Pipestone Counties, Minnesota and Moody County, South Dakota (hereinafter the Jackson Line).

4. Pursuant to Section 802 of the Railroad Revitalization and Regulatory Reform Act of 1976 (4–R Act), the line of railroad running from Worthington, Minnesota to Lismore, Minnesota (hereinafter the Lismore Line) has been designated by the Trustee of the Chicago, Rock Island and Pacific Railroad Company (hereinafter the Rock Island) as a Category 1 line for which an abandonment application is anticipated within three years. Abandonment of the Lismore Line has not yet been proposed by the Rock Island by means of the filing of an application for abandonment with the Commission.

5. In accordance with the Commission's Revised Guidelines for the Implementation of the National Environmental Policy Act of 1969 (NEPA), 49 C.F.R. 1108 *et seq.*, the Section of Energy and Environment (which is part of the Commission's staff) undertook

an environmental evaluation of each proposed abandonment.

6. The environmental evaluation was consolidated for the Bingham Lake and Heron Lake proceedings and a Supplemental Threshold Assessment Survey (STAS) was issued on March 31, 1978. The STAS supplements a Threshold Assessment Survey (TAS) which was prepared by the Commission's staff in May, 1975. The STAS concludes that the two proposed abandonments do not constitute a major federal action significantly affecting the quality of the human environment.

7. On July 7, 1978, a TAS was issued by the Section of Energy and Environment in the Jackson Line abandonment proceeding. The TAS concluded that the Jackson Line abandonment is not a major federal action significantly affecting the quality of the human environment.

8. The Commission has not issued a decision on the merits in any of the abandonment proceedings.

9. The Section of Energy and Environment's determination with respect to the environmental issues is subject to review in the same manner as other issues in the proceeding, pursuant to 49 C.F.R. 1108.11.

10. The Commission's rule, 49 C.F.R. 1108.18 provides:

(a) Where environmental matters are in issue in a proceeding, the initial decision will include all necessary findings and conclusions on such issues. It may also include findings and conclusions which affirm or modify the content of an EIS or TAS. To the extent such findings and conclusions differ from those in the EIS and TAS, the EIS or TAS will be deemed modified to that extent.

(b) If the Commission in a final decision reaches conclusions different from those contained in an initial decision with respect to environmental issues, the EIS or TAS will be deemed modified to that extent.

11. Plaintiff acknowledges that it has not pursued its administrative remedies but argues it should not be required to do so because they are insufficient as regards environmental issues in abandonment proceedings.

## CONCLUSIONS OF LAW

1. This court lacks jurisdiction over the subject matter of the complaint because plaintiff has failed to exhaust administrative remedies and, in any event, if judicial review were available at this time, exclusive jurisdiction would lie with the court of appeals. In light of this decision, there is no need for defendants to answer plaintiff's interrogatories and Magistrate McPartlin's December 4, 1978 order denying plaintiff's motion to compel answers to plaintiff's interrogatories is hereby affirmed.

■ 2. Judicial review of administrative agency decisions must be postponed until available administrative remedies have been exhausted. *Renegotiation Board v. Bannercraft*, 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1973); *F. C. C. v. Schreiber*, 381 U.S. 279, 296, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). All the reasons underlying the exhaustion requirement apply here: (1) judicial time will be conserved because the agency might grant the relief sought; (2) judicial review will be facilitated by allowing the agency to apply its expertise; (3) administrative autonomy requires that the agency be given an opportunity to make the initial environmental determination regarding the need for an EIS.

■ 3. The exhaustion requirement is especially appropriate here because the Commission has not approved the abandonments. Clearly, in the event it ultimately denies the applications, no EIS would be required. Moreover, the Commission itself has not ruled on the environmental issues in the abandonment cases and should be permitted to do so prior to judicial review. Interlocutory judicial review of the adequacy of an EIS (or the determination not to file an EIS) is not available prior to the agency's decision on the merits of the underlying adjudicatory proceeding. *Mobil*

*Oil v. F. T. C.,* 562 F.2d 170, 173 (2d Cir. 1977). *Greene County Planning Board v. F. P. C.,* 490 F.2d 256, 258 (2d Cir. 1973); *Potomac River Association v. Lundeberg Maryland Seamanship School,* 402 F.Supp. 344, 353 (D.Md.1975); *Commonwealth of Pennsylvania v. Federal Maritime Commission,* 392 F.Supp. 795, 801–02 (D.D.C.1975). Nothing in NEPA alters the exhaustion requirement. *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council,* 435 U.S. 519, 98 S.Ct. 1197, 1214, 55 L.Ed.2d 460 (1978).

■■■ 4. In any event, even if judicial review were available at this time, exclusive jurisdiction would lie in the court of appeals, not this court. 28 U.S.C. §§ 2321, 2342. Where exclusive jurisdiction is mandated by statute, as it is here, plaintiff cannot by-pass the procedure which Congress has provided by labeling its requested relief "mandamus." *North American Van Lines v. Interstate Commerce Commission,* 386 F.Supp. 665, 681 (N.D.Ind.1974). Where a statute specifically provides for exclusive jurisdiction in one court, as 28 U.S.C. § 2342 does, this specific grant of jurisdiction takes precedence over a general grant of jurisdiction, *ITT v. Vencap, Ltd.,* 519 F.2d 1001 (2d Cir. 1975); *Cook, Inc. v. United States,* 394 F.2d 84 (7th Cir. 1968).

Upon all the files, records and proceedings herein,

IT IS ORDERED that the December 4, 1978 decision of Magistrate McPartlin is hereby affirmed;

IT IS FURTHER ORDERED that the defendants' motion to dismiss the complaint for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1), is hereby granted.