# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued January 13, 2006          Decided January 31, 2006

No. 04-1384

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING
FOUNDATION, INC.,
APPELLANT

v.

FEDERAL COMMUNICATIONS COMMISSION,
APPELLEE

CLARK COUNTY SCHOOL DISTRICT,
INTERVENOR

---

Appeal of an Order of the
Federal Communications Commission

---

*Eric H. Zagrans* argued the cause for appellant. On the briefs was *Howard J. Barr*.

*Gregory M. Christopher*, Counsel, Federal Communications Commission, argued the cause for appellee. With him on the brief were *Samuel L. Feder*, General Counsel, *Richard K. Welch*, Associate General Counsel, and *Daniel M. Armstrong*, Associate General Counsel. *Roberta L. Cook*, Counsel, entered an appearance.

*Todd Stansbury* argued the cause for intervenor. With him on the brief was *Eve Klindera Reed*.

Before: SENTELLE, *Circuit Judge*, EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: The North American Catholic Educational Programming Foundation ("the Foundation") petitions for review of a decision by the Federal Communications Commission ("FCC" or "the Commission"). The Commission denied the Foundation's licensing application for Instructional Television Fixed Services ("ITFS") and instead granted the license to the Clark County School District ("CCSD" or "the District"). The Foundation contends the FCC unlawfully waived the applicability of a rule limiting CCSD to only four ITFS channels. However, we lack jurisdiction over the Foundation's petition because it was untimely filed. We therefore dismiss the petition for review.

I

ITFS licenses empower competing broadcasters—such as the Foundation and the District—to provide educational and cultural programming to schools, hospitals, nursing homes, training centers, clinics, and rehabilitation centers. The FCC is statutorily obligated to dole out ITFS licenses so "as to provide a fair, efficient, and equitable distribution of" the microwave spectrum. 47 U.S.C. § 307(b). Pursuant to this statutory mandate, the Commission has promulgated rules that limit each licensee to no more than four ITFS channels per market. *See* 47

C.F.R. § 74.902(d) (1993).[1] If a licensee seeks licenses to operate more than four ITFS channels, it must petition for a waiver. *See In re Amendment of Part 74 of the Commission's Rules & Regulations in Regard to the Instructional Television Fixed Service*, 98 F.C.C. 2d 925, 933 (1984) ("*Waiver Order*"). "Such requests must include a complete description of how the additional channels will be used for traditional ITFS purposes and why present channel capacity is insufficient to accommodate the additional needs. The waiver burden will be exceedingly high particularly in areas where a large demand for channels exists." *Id.*

On May 13, 1992, the Foundation applied for an ITFS license to serve the Henderson, Nevada market. Eighteen months later, the FCC issued a public notice regarding the Foundation's application and called for competing applications (if any) to be filed by December 30, 1993. On December 30, 1993, CCSD filed a competing application, along with a waiver request, because the District already owned licenses for 8 ITFS channels. On April 21, 1997, the FCC's Mass Media Bureau ("MMB") concluded that CCSD was the comparatively superior licensee for the Henderson, Nevada ITFS license. *See In re Applications of N. Am. Catholic Educ. Programming Found., Inc., Henderson Nevada*, 12 F.C.C.R. 24,449, 24,450-51 (1997). Accordingly, the MMB granted the District's application (along with its waiver request) and denied the Foundation's application. *Id.* at 24,453. More than six years later, on September 11, 2003, the full Commission released an order denying the Foundation's petition for review. *In re Clark County Sch. Dist.*, 18 F.C.C.R.

---

[1] In 2004, the Commission prospectively amended and transferred its four-channel limit. *See In re Amendment of Parts 1, 21, 73, 74 and 101 of the Commission's Rules*, 19 F.C.C.R. 14,165, 14,325 (2004). The changes to the four-channel limit, which is now codified at 47 C.F.R. § 27.5(i)(3)(ii), do not affect this case.

18,815 (2003) ("*Licensing Order*").  On October 8, 2004, the full Commission declined to reconsider its decision.  *In re Application of Clark County Sch. Dist.*, 19 F.C.C.R. 20,169 (2004) ("*Reconsideration Order*").

Thirty-two days after the Commission released its *Reconsideration Order*, the Foundation filed a notice of appeal under 47 U.S.C. § 402(b)(1).  After this Court issued an order to show cause why the appeal should not be dismissed as untimely, the Foundation refashioned its argument as a petition for review of the grant of the District's waiver application under 47 U.S.C. § 402(a).  Because § 402(b)(1) has a thirty-day deadline, while § 402(a) has a sixty-day deadline, the Foundation's challenge is timely only if brought under the latter.

II

It is well established that 47 U.S.C. § 402 "describes two mutually exclusive channels for the review of FCC decisions." *Vernal Enters., Inc. v. FCC*, 355 F.3d 650, 655 (D.C. Cir. 2004); *see also Tribune Co. v. FCC*, 133 F.3d 61, 66 & n.4 (D.C. Cir. 1998); *Freeman Eng'g Assocs. v. FCC*, 103 F.3d 169, 177 (D.C. Cir. 1997); *Friedman v. FCC*, 263 F.2d 493, 494 (D.C. Cir. 1959).  Section 402(b) provides for appeals of FCC orders in nine enumerated situations, including licensing.  For all other final orders of the Commission, § 402(a) provides that review shall be sought through the general petition process prescribed in 28 U.S.C. §§ 2341-2351.  Under § 402(b), an "appeal" must be filed in this Court within thirty days of the date of public notice of the order at issue.  *See* 47 U.S.C. § 402(c).  By contrast, a "petition" for review under § 402(a) must be filed within sixty days of the date of public notice.  *See* 28 U.S.C. § 2344.  Under either provision, an untimely appeal or petition "*must* be dismissed" for lack of jurisdiction.  *Waterway Commc'ns Sys., Inc. v. FCC*, 851 F.2d 401, 405 (D.C. Cir. 1988)

(emphasis in original (citation and internal quotations omitted)).

The Foundation contends that our jurisdiction is governed by § 402(a). In the Foundation's view, the *Licensing Order* can be bifurcated into a "waiver decision" (which is challengeable under § 402(a)) and a "licensing decision" (which is challengeable under § 402(b)(1)). Because the petition is limited to challenging the Commission's "waiver decision," the Foundation argues that § 402(a) is applicable and that the petition for review was timely.

We reject the Foundation's argument because it does violence to the statutory text. Congress carved out a specific provision—§ 402(b)(1)—to govern "decisions and orders" affecting *licensing*. As a result, the *Licensing Order* is challengeable only under subsection (b), not the generally applicable subsection (a). *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general."); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Moreover, § 402(a) applies only to *final* orders, *see* 28 U.S.C. § 2342(1), and the "waiver decision" was not a "final order." *See Bennett v. Spear*, 520 U.S. 154, 178 (1977) (holding an agency's action is final and reviewable only if, *inter alia*, it "mark[s] the 'consummation' of the agency's decisionmaking process–it must not be of a merely tentative or interlocutory nature") (quoting *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948)). As the Commission has previously ruled, a licensee's waiver petition (and the FCC's decision on it) is incident to a larger licensing proceeding. *See Waiver Order*, 98 F.C.C. 2d at 933 (ruling that waiver requests must be submitted by "ITFS applicants and licensees seeking more than one channel group"). Accordingly, a "waiver decision" does not "mark the 'consummation' of the agency's decisionmaking process."

The absence of finality is sufficient to preclude our jurisdiction over the Foundation's petition for review. *See Shurberg v. FCC*, 1998 WL 202139, *1 (D.C. Cir. Mar 31, 1998) (per curiam); *cf. Natural Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 680 F.2d 810, 815-17 (D.C. Cir. 1982). As an independent basis for dismissing the petition for review, we note that "[j]urisdiction for review of FCC licensing-*related* decisions is governed by § 402(b)." *Waterway Commc'ns Sys.*, 851 F.2d at 403 (emphasis added). This jurisdiction includes Commission decisions which involve issues "ancillary" to the grants or denials of licenses. For example, in *Tomah-Mauston Broad. Co., Inc. v. FCC*, 306 F.2d 811, 812 (D.C. Cir. 1962), we held that a Commission order "ancillary" to the grant of a construction permit . . . is reviewable under Section 402(b)(6)." In contrast, in *Freeman Engineering*, we held the denial of a licensing "preference" was not reviewable under § 402(b) because "[t]he Commission does not grant licenses at the time a pioneer's preference is awarded. Nor does the grant of a preference irrevocably commit the Commission to grant a license." 103 F.3d at 177. In this case, the Commission's grant of a rule waiver to CCSD was ancillary to the ultimate licensing decision, as evidenced in part by the fact that the waiver and licensing decisions were rendered simultaneously.

Furthermore, the Commission's decision to grant CCSD's waiver request was a *logically necessary prerequisite* to the Commission's decision to grant the District's ITFS licensing application. Without the FCC's "waiver decision," CCSD would have lost the "licensing decision" because of the Commission's four-channel limit. Thus, the two halves of the *Licensing Order* operated together to grant the District's ITFS application. Accordingly, we hold that the *Licensing Order*, as an inseparable whole, is challengeable (if at all) only under § 402(b)(1).

Because a "decision or order" may be challenged under § 402(b) only "within thirty days from the date upon which public notice is given of the decision or order complained of," 47 U.S.C. § 402(c), and because the Foundation filed its appeal thirty-two days after receiving notice that the *Licensing Order* was final, the Foundation's petition "*must* be dismissed" for lack of jurisdiction. *Waterway Commc'ns Sys.*, 851 F.2d at 405 (emphasis in original (citation and internal quotations omitted)).

## III  Conclusion

In sum, the Commission's "waiver decision" was inextricably tied to its "licensing decision," and therefore, the *Licensing Order* as a whole is governed by § 402(b)(1).  The Foundation missed that subsection's 30-day filing deadline, and therefore, the appeal must be dismissed.

*So ordered.*